441 A.2d 1273

**COMMONWEALTH of Pennsylvania**

v.

**Chester E. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1981.

Filed Feb. 19, 1982.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, First Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

Appellant was charged with simple assault by physical menace, aggravated assault, and carrying a firearm without a license. On November 15, 1979, appellant appeared, accompanied by his privately retained counsel, before the Honorable William Caldwell. Counsel told the court that his client indicated to him that he wished to plead guilty to the charges; to which the court responded:

Under those circumstances if you wouldn't mind I would like to conduct the colloquy now and I am willing to continue the matter until later.

At this point, a guilty plea colloquy was conducted, following which the court stated that it accepted the plea. The District Attorney then stated that the prosecution had no testimony, but would be willing to bring the witnesses in at a later date. Defense counsel indicated that he did not desire to cross-examine any witnesses. The District Attorney then stated that he did wish to bring in one of the victims to testify, and the court continued the case until January 18, 1980 for this purpose.

On January 18, 1980, appellant again appeared before Judge Caldwell. The District Attorney informed Judge Caldwell that appellant's attorney, Mr. Federico, had indicated to him that he would not be available for some time due to his involvement in a lengthy trial. Stating that the two victims were present in court, the District Attorney requested that he be permitted to call them to the stand to testify "because I have been advised it will be a guilty plea." The court then asked appellant:

Mr. Smith, is it correct that you intend to plead guilty when your attorney gets here? [Appellant]: Yes, sir, I do, your Honor. The Court: All right, I am going to hear the testimony of the victims so that they don't have to sit

around until this afternoon when your attorney comes here. We will start over again if you have any quarrel with what they have to say, you can tell him about that so if you will just take a seat there at the table, I will hear the victims at this time.

The victims then testified, but were not cross-examined. Thereafter, court was adjourned so that the District Attorney could locate appellant's counsel. Approximately two hours later, court resumed. The District Attorney stated for the record that appellant was present and represented by Mr. Federico, and that he wished to enter a plea of guilty to the charges. A guilty plea colloquy then took place, following which the court accepted appellant's guilty plea to each of the charges. The District Attorney then provided the court with additional factual background to the incident from which the charges arose. Following this, the court asked appellant some questions concerning his prior record of incarceration and the offenses involved. Appellant then attempted to give his version of what had actually happened on the day in question, by way of defense. The court then ordered that appellant be placed in jail temporarily pending a pre-sentence investigation. On April 18, 1980, appellant was sentenced to a term of imprisonment of not less than four nor more than ten years on the aggravated assault charge; to a term of imprisonment of not less than six months nor more than one year on the simple assault charge, to run concurrently; and to a term of imprisonment of not less than two and one-half nor more than five years, on the firearms charge, to run concurrently.

On April 23, 1980, appellant's counsel filed a "Petition for Modification of Sentence" and a "Petition for Withdrawal of Guilty Plea," both of which were denied by order dated May 13, 1980. On May 13, 1980, notice of appeal to our court was filed by the Public Defender, appellant's present counsel. On July 18, 1980, a Post-Conviction Hearing Act petition was filed on appellant's behalf. On August 5, 1980, a "Praecipe to Discontinue Appeal" was filed with our court. On August 7, 1980, a "Petition to Vacate Discontinuance of

Appeal" was filed, which petition was granted by our court on August 21, 1980.

In this appeal, appellant raises the following issues: whether his guilty plea was voluntarily, knowingly and intelligently entered; whether trial counsel rendered ineffective assistance; whether the court erred in denying appellant's motion to withdraw his guilty plea without a hearing; and whether the court erred in denying appellant's motion for modification of sentence.

Appellant argues that the colloquy of November 15, 1979 was defective and that as a result, he cannot be found to have pled guilty voluntarily, intelligently, and knowingly. He contends that the only colloquy which may be examined is the one conducted on November 15, 1979, because he actually entered a plea of guilty on that date and that such plea was accepted by the court at that time.

■ Although it is unclear from our examination of the record why the court below conducted a second colloquy on January 18, 1980, the fact that two colloquys were performed is immaterial in this instance, since we find that both complied with the requirements of Pa.R.Crim.P. 319 and Comment thereto. The six areas of inquiry made mandatory by *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977), and *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976), were covered by both the November 15 and January 18 colloquys. Appellant was informed that he had a right to trial by jury which right was explained to him and that he is presumed innocent until found guilty. The possible sentences for each charge were also outlined. With respect to the nature of the charges, appellant was first read the Commonwealth's information, containing the elements of each offense. The factual background of each charge was then stated to appellant by the District Attorney. At the conclusion of the first colloquy, appellant was asked, "Are you pleading guilty voluntarily and of your own free will?" Appellant responded: "I am pleading guilty of my own free will." Following an off-the-record discussion between appellant and his attorney, the court then asked

whether appellant was satisfied "that the guilty plea is in your best interest?" to which appellant responded affirmatively. Similarly, appellant indicated on January 18, 1980 that he understood the nature of the charges, the presumption of innocence, and the penalties he could receive. There is nothing in the record to indicate that appellant did not understand these elements, or that his plea was not knowing, intelligent or voluntary. Therefore, we hold that appellant's first contention is without merit.

■ Appellant also argues that his counsel was ineffective in several respects. To begin with, appellant contends that trial counsel should have challenged in a timely motion following the entry of appellant's guilty plea on November 15, 1979, the inadequacy of that plea. Since we find that the plea colloquy was adequate and proper, and that appellant's plea was knowingly, voluntarily and intelligently made, we must reject this argument.

Second, appellant argues that counsel was ineffective for failing to investigate the charges against his client before trial to determine the existence of any defenses. The charges arose out of the following set of facts: On the afternoon of April 21, 1979, appellant stopped his car behind a parked car from which a man was carrying on a conversation with another man who was standing in the street. Appellant stepped out of his car, brandished a handgun, and told the driver of the parked car to "get moving or else." He then turned to the man standing in the street and asked, "You want some, too?" Approximately one hour later, appellant entered the Fireplace Bar. The bartender asked him if he had received the three dollars he owed appellant. Appellant responded in the negative. He then sat down at the bar, reached into his jacket and pulled out a handgun. He held the gun in his right hand and placed his left hand on the top of his right. In the course of this movement, the gun fired, striking James Smith, who was seated next to appellant.

■ In the "Petition for Withdrawal of Guilty Plea" filed by trial counsel, it was alleged that at the time of the incident, appellant "had a license to carry a firearm." In the "Petition For Modification of Sentence" filed by trial counsel, it was alleged that "the shooting was accidental not intentional." Appellant argues that counsel was ineffective for not presenting some legal argument with respect to these allegations.

The record shows that these two "defenses," as appellant would have us view them, were presented to the court on January 18, 1980 by appellant, after the court had decided to place appellant in jail pending a pre-sentence investigation. It was at this point that appellant asked if he could "say one thing."

[Appellant]: I will confess to you, it was really an accident, I had no purpose of shooting anyone. As far as having a gun, I am a hunter. I have a hunting permit.

The information filed in connection with the firearms charge stated that appellant "did intentionally, knowingly, or recklessly carry in a place not his abode nor his fixed place of business, a certain firearm, to wit: 6″ 45 cal. revolver without having a permit to carry same as required by law."

Therefore, the fact that appellant claims to have had a "hunting permit" does not provide a defense to the above charge, since appellant at no time alleged or offered proof that he possessed a permit to carry a 45 caliber revolver. Counsel was thus not ineffective for failing to pursue such defense. With respect to the aggravated assault charge, the information states that appellant

did intentionally, knowingly or recklessly cause serious bodily injury to James Smith in that he did remove from his left side a handgun weapon. As the weapon was being removed from his side, he placed his left hand over the top of his right hand which held the weapon as though he was attempting to cock the trigger of the weapon, when the weapon fired, thereby striking victim, which acts are a manifestation of extreme indifference to the value of human life.

Although appellant contends that it was an accident, the facts clearly indicate that his acts evidenced recklessness. Therefore, appellant's argument that counsel was ineffective for failing to present legal argument in this regard is without merit.

■ Appellant also argues that counsel was ineffective for failing to investigate the possibility of raising a temporary insanity defense. There is nothing in the record to indicate that appellant's act was the product of "temporary insanity." Appellant's own explanation of what occurred, as offered to the court on January 18, 1980, was that he was reaching into his jacket for change to purchase a package of cigarettes when the gun discharged. When asked about his past incarcerations, appellant indicated that he had been in Farview some ten years before, but had not been treated recently for any mental disorders. Therefore, we find no merit to appellant's contention that counsel was ineffective for failing to investigate the possibility of a temporary insanity defense "given appellant's mental health history," and we dismiss this contention without further discussion.

■ Appellant also argues that the court erred in denying his motion to withdraw his guilty plea without a hearing. Pa.R.Crim.P. 321 does not, however, require that a hearing be held, but simply states that the trial court "*may* schedule a hearing on the motion. . . ." Pa.R.Crim.P. 321(c). Accordingly, this contention is without merit.

■ Finally, appellant argues that the court erred in denying his motion for modification of sentence. He contends that the court sentenced him without a clear idea of what acts he actually committed and as such could not impose the minimum sentence required. There is no basis in the record for this contention. It is clear from the record that the court was fully apprised of the acts committed by appellant on April 21, 1979. In addition, the record indicates that the court considered not only the particular circumstances surrounding the charges, but also the character of the appellant, the protection of the public, the gravity of the offenses,

and the rehabilitative needs of the appellant. See *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). The sentence imposed was the minimum punishment consistent with these elements. *Commonwealth v. Martin*, supra. Therefore, the court did not abuse its discretion.

For these reasons, we affirm the judgment of sentence of the court below.