487 A.2d 971

COMMONWEALTH of Pennsylvania

v.

James D. SAVILLA, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 19, 1984.

Filed Jan. 25, 1985.

John H. Moore, Erie, for appellant.

Frank J. Scutella, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before BROSKY, ROWLEY and JOHNSON, JJ.

294

BROSKY, Judge:

This appeal is from the order denying appellant's motion to challenge the validity of his plea of *nolo contendere*.[1] Appellant contends that the court below erred in denying his motion without a hearing. We disagree with appellant and, accordingly, affirm the order of the lower court.

On May 5, 1982, appellant entered a plea of *nolo contendere* to the charges of homicide by vehicle and driving under the influence of alcohol. He was sentenced on July 7, 1982 to two to four years imprisonment on the former charge and a consecutive sentence of one year probation of the latter charge. Appellant then filed a timely motion to withdraw his guilty plea which was denied on August 6, 1982. This appeal timely followed.

Appellant argues that the lower court erred by denying his motion without a hearing. We disagree.

"Pa.R.Crim.P. 321 [which governs this type of motion] does not ... require that a hearing be held, but simply states that the trial court 'may schedule a hearing on the motion...'" Pa.R.Crim.P. 321(c)." *Commonwealth v. Smith*, 295 Pa.Super. 361, 368, 441 A.2d 1273, 1276 (1982). Clearly then, Rule 321 places the decision whether or not to hold a hearing within the discretion of the trial court. While we recognize that this discretion is not absolute, i.e., under some circumstances a trial court could abuse its discretion by not holding a hearing [2]—where, as here the motion makes only the boiler plate statement that "it would be in the interest of justice to permit him to withdraw the plea of guilty previously entered," we find no such abuse of discretion.

1. See Pa.R.A.P. 343 and Pa.R.C.P. 321.
2. For instance, it would certainly appear that a trial court would be abusing its discretion if it refused to hold a hearing where the motion alleged factual matters not of record which, if proven, would entitle the defendant to relief. In other words, if the defendant alleges facts not of record which, if proven, would demonstrate prejudice on the order of manifest injustice, it would be an abuse of discretion for the court not to hold a hearing. See *Commonwealth v. Schaffer*, 498 Pa. 342, 446 A.2d 591 (1982).

■ The comment to Rule 321 indicates that "[t]his rule parallels the procedure under Rule 1123, relating to post-verdict motions following trials." Rule 1123 clearly states that "only those issues raised and the grounds relied upon in the motions may be argued or heard." Consistent with this rule, case law is well-settled that any issue not raised in post-verdict motions is deemed waived. See *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979). Thus, we hold that Rule 321 requires that specific reasons in support of the proposition that the plea should be withdrawn must be set forth in the motion in order to preserve any issues for post-sentence review.

■ We note that appellant was advised of his post-sentencing rights by the attorney for the Commonwealth immediately prior to sentencing as follows:

> Do you understand that having pled no contest you have certain rights which I'm going to explain to you now. First of all, you have the right to ask the Court to let you withdraw your plea of no contest or to reconsider any sentence that is imposed on you here today. You have to do these things by filing a motion within ten days from today's date *setting forth all reasons that you have for wanting to do that. If you did not include any reason, you would be waiving it, or giving it up forever.* You have a right to have an attorney represent you on these motions, including a free attorney if you can not afford one.[3]

■ Since, after having been so advised, appellant included no reasons in support of the statement in his motion that his plea should be withdrawn, we conclude that the motion was insufficient to present any issues to the lower court, let alone an issue necessitating a hearing. Accordingly, we

3. We note that waiver will not occur if a defendant is not informed of his right to file post-verdict motions; the time within which they must be filed; and the consequences of a failure to file them. See *Commonwealth v. Gates*, 295 Pa.Super. 213, 441 A.2d 425 (1982); Pa.R.Crim.P. 1123(c).

find no merit to appellant's contention that the court erred by denying his Rule 321 motion without a hearing.

Order affirmed.