James COLEMAN, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 91–77.

Supreme Court of Wyoming.

March 23, 1992.

**386**

Donald L. Painter, argued, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Jennifer L. Gimbel, Sr. Asst. Atty. Gen., and Donna D. Hoffdahl, argued, Student Intern, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

CARDINE, Justice.

Appellant James Coleman entered a plea of nolo contendere, and sentence was imposed. He now appeals the district court's denial of his motion to withdraw his nolo contendere plea.

We affirm the court's denial of the motion.

Coleman states the issue in this appeal:

"1. Whether the Court properly complied with Rule 15 W.R.Cr.P. in acceptance of Defendant's plea of 'nolo contendere.'"

In response, appellee, State of Wyoming, urges that the district court substantially complied with W.R.Cr.P. 15 in accepting the plea of nolo contendere and that there was no abuse of discretion in denying the motion to withdraw that plea.

Coleman pled nolo contendere to a violation of W.S. 6-2-503. He claims there was no specific acceptance of the plea as required by W.R.Cr.P. 15(b). At the conclusion of the change of plea proceeding, the district court said: "Therefore, the Court accepts the plea." The issue has no merit.

Next, Coleman asserts the district court failed to inform him of the "general" mandatory minimum of one year in prison for the crime with which he was charged. Ap-

pellant was charged with violation of W.S. 6-2-503 which provides in part:

"(a) Except under circumstances constituting a violation of W.S. 6-2-502, a person is guilty of child abuse, a felony punishable by imprisonment for *not more than five (5) years* [.]" (emphasis added)

The crime to which Coleman pled guilty has no mandatory minimum sentence. The issue is without merit.

Finally, Coleman claims that he was not informed that, pursuant to W.R.C.P. 15(c)(5), the district court could have asked him questions about the offense and, if he answered those questions under oath, the answers could be used against him in a prosecution for perjury or false statement. Rule 15(c) provides as follows:

"(c) *Advice to defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

\* \* \* \* \* \*

"(5) That if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement."

As we have stated before, "we do not approve of the noncompliance with the rule and again direct strict compliance therewith in the future." *York v. State*, 619 P.2d 391, 398 (Wyo.1980); *see also Hoggatt v. State*, 606 P.2d 718 (Wyo.1980). Nevertheless, we held "that [where] appellant was not asked any questions under oath \* \* \* [he] was not prejudiced by the failure of the trial court to give the admonition required by Rule 15(c)(5)." *York* at 398. "Accordingly, even though the procedure be erroneous, it would not be subject to reversal if prejudice is not established." *York* at 394; *see also Pure Gas & Chemical Co. v. Cook*, 526 P.2d 986, 991-92 (Wyo. 1974). Coleman was asked no such questions, and no answers were given. There

was no prejudice, and the error was harmless beyond a reasonable doubt. *Stice v. State,* 799 P.2d 1204, 1208 (Wyo.1990).

Coleman tacitly asserts he entered his nolo contendere plea believing he would receive probation (he was 95 percent sure of that result). Coleman conceded there was no plea agreement and that he had received no promise of a lenient sentence. A mere expectation of leniency does not convert into the "manifest injustice" necessary to require a district court to permit withdrawal of a nolo contendere plea after sentence. *Flores v. State,* 822 P.2d 369, 371 (Wyo.1991).

Affirmed.