James COLEMAN, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 92–91.

Supreme Court of Wyoming.

Dec. 7, 1992.

Donald L. Painter, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., and John D. Montgomery, Student Intern, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

MACY, Chief Justice.

Appellant James Coleman pleaded nolo contendere to a charge of felony child abuse. He subsequently filed two separate motions to withdraw his plea of nolo contendere, both of which the district court denied. Appellant takes issue with the trial court's order denying his second motion to withdraw his plea because the court failed to conduct a hearing.

We affirm.

Appellant states as his sole issue:

1. Whether the Defendant is entitled to a hearing before the District Court on his Renewed Motion to vacate Plea[ ] of Nolo Contendere and supporting affidavit showing commission of crime by another person.

On November 13, 1989, Appellant brought his girlfriend's two-year-old son to the Wyoming Medical Center. According to the investigating officer's affidavit, the child was unconscious when he arrived at the medical center and had bruises on his upper arms and elbows, as well as bruises and contusions on his cheeks and forehead. Other injuries cited by the officer included a collapsed lung, a subdural hematoma,

and large bilateral retinal hemorrhages to both eyes.

According to the record, Appellant initially claimed that the child's injuries were caused by a fall in the house. Appellant later indicated that he was carrying the child into the house when he fell on him while attempting to retrieve his keys. The investigating officer found Appellant's explanation of the events to be inconsistent with the injuries actually suffered, and a criminal complaint was filed on January 11, 1990, charging Appellant with aggravated assault in violation of Wyo.Stat. § 6–2–502(a)(i) and (b) (1988) and with felony child abuse in violation of Wyo.Stat. § 6–2–503 (1988). Appellant initially pleaded not guilty to the charges against him; however, on November 1, 1990, Appellant changed his plea to nolo contendere on the felony child abuse charge. In exchange for his plea of nolo contendere to felony child abuse, the State dismissed the aggravated assault charge. On January 31, 1991, the district court sentenced Appellant to a term in the Wyoming State Penitentiary of not less than twelve months nor more than eighteen months.

Approximately one week after being sentenced, Appellant filed a motion to withdraw his plea of nolo contendere, which the district court considered in a hearing held on February 11, 1991. Appellant argued that the district court failed to comply with W.R.Cr.P. 15 [1] when it accepted his plea of nolo contendere. The district court found no violation of W.R.Cr.P. 15 was present, and this Court affirmed that decision in *Coleman v. State*, 827 P.2d 385 (Wyo.1992) (*Coleman I*).

While his appeal in *Coleman I* was pending, Appellant filed a renewed motion to vacate his plea of nolo contendere. He submitted an affidavit in support of his renewed motion, stating that the injured child's mother told Appellant that she caused the child's injuries by violently shaking him. Following our decision in *Coleman I*, the district court denied Appellant's renewed motion without holding a hearing. Appellant now appeals a second time, with his sole contention being that the district court erred in not conducting a hearing on his renewed motion to vacate his plea of nolo contendere.

■ Appellant's motion to withdraw his nolo contendere plea was governed by W.R.Cr.P. 33(d): [2]

(d) *Withdrawal of plea of guilty or nolo contendere.*—A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment or conviction and permit the defendant to withdraw his plea.

Since Appellant filed his motion to withdraw his plea of nolo contendere after he was sentenced, he was required to show that withdrawal of his plea would prevent a manifest injustice. W.R.Cr.P. 33(d) did not specify whether the trial court was required to conduct a hearing on Appellant's claim of a manifest injustice. In *Garnett v. State*, 769 P.2d 371, 375 (Wyo.1989), we said that W.R.Cr.P. 33(d) would require a hearing prior to denial of a motion to withdraw a plea of guilty if the defendant presented a bona fide question of fact concerning whether he should be permitted to withdraw his plea. However, in *Garnett* we did not elaborate upon how plausible the defendant's allegations must be before he is entitled to a hearing. This case offers us the opportunity to make that determination.

■ The federal courts have adopted a test which we think is appropriate for use in determining when a hearing is required and which is also consistent with what we said in *Garnett*. See *Zanetti v. State*, 783 P.2d 134, 137 n. 4 (Wyo.1989) (W.R.Cr.P. 33(d) was almost identical to the pre–1983 F.R.Cr.P. 32(d), so federal authority should be given appropriate weight). The federal courts use what is essentially a two-part test for determining when a hearing is necessary. First, if the defendant alleges

---

**1.** Revised effective March 24, 1992 (now W.R.Cr.P. 11).

**2.** Revised effective March 24, 1992 (now W.R.Cr.P. 32(d)).

facts which, if true, would entitle him to relief, the trial court must hold a hearing. *United States v. Fournier*, 594 F.2d 276 (1st Cir.1979). To prevent a possible deluge of unnecessary court proceedings, the second element of the test allows a trial court to deny a hearing if the defendant's allegations are contradicted by the record, are inherently unreliable, or are merely conclusions rather than statements of fact.[3] *Id.; United States v. Crooker*, 729 F.2d 889 (1st Cir.1984). *See also* Howard J. Alperin, Annotation, *Withdrawal of Plea of Guilty or Nolo Contendere, After Sentence, Under Rule 32(d) of Federal Rules of Criminal Procedure*, 9 A.L.R.Fed. 309 at § 6 (1971).

Applying this test to the present case, we conclude that Appellant was not entitled to a hearing on his renewed motion to vacate his plea of nolo contendere. Appellant's affidavit contained, among others, the following allegations:

1. On May 1, 1991, Appellant and the injured child's mother had a conversation in which the child's mother admitted causing the child's injuries by violently shaking him. The child's mother also allegedly repeated this allegation to Appellant's mother;

2. "[The child] suffered 'shaken child syndrome,' as his injury gave rise to the charges in this case against your Affiant";

3. "Your Affiant, by reason of his close relationship with [the child's mother] and because he believed he would receive probation in this matter, decided to have the matter concluded as quickly and inconspicuously as possible by offering a plea of 'nolo contendere'"; and

4. "Your Affiant is not guilty of ever having inflicted any kind of personal injury on [the child], much less the 'shaken child syndrome.'"

Pursuant to the first part of our test, Appellant would be entitled to a hearing if we assumed that his allegations concerning the mother were true. However, Appel-

lant's affidavit clearly fits within the exception to the rule because it is both inconsistent with the record and inherently unreliable. At the sentencing hearing, Appellant stated: "I do feel remorse, not for the fact I did this on purpose or anything, but the fact I did hurt him, you know, and it was an accident. I feel very bad, you know." Almost every allegation in Appellant's affidavit contradicts his statement at the sentencing hearing that he accidentally hurt the child. First, the mother could not have inflicted the injuries if it were Appellant who "accidentally" injured the child. Second, the child's injuries could not be caused by Appellant falling on him and also be caused by the mother shaking him. Finally, Appellant's comment that he accidentally injured the child is inconsistent with his affidavit which states that he never inflicted any injury on the child.

As the State accurately points out, Appellant's affidavit also contains a strong aura of "inherent incredibility." According to his affidavit, the mother told Appellant on May 1, 1991, that she inflicted the injuries by violently shaking the child. That means that Appellant first discovered the "true source" of the child's injuries almost one and one-half years after he had been injured. Consequently, if Appellant's affidavit were to be believed, he would have taken an unconscious child to the medical center not knowing the cause of the child's injuries and fabricated a cause of the child's injuries which ultimately subjected him to criminal liability, all in an effort to protect the child's mother (who, he did not realize at the time, was actually guilty of inflicting the injuries). Appellant's affidavit was obviously just a feeble attempt to extricate himself from the consequences of his own heinous conduct.

The decision of whether or not to grant a hearing on Appellant's motion to withdraw his plea was within the trial court's discretion. *See Commonwealth v. Savilla*, 338 Pa.Super. 292, 487 A.2d 971 (1985). In this case, Appellant filed an uncorroborated af-

---

**3.** The federal test is also consistent with the test this Court has adopted in the analogous situation of a defendant who seeks a hearing in a

motion for post-conviction relief. *See Pote v. State*, 733 P.2d 1018 (Wyo.1987), and *Boggs v. State*, 484 P.2d 711 (Wyo.1971).

fidavit alleging facts which were inherently unreliable as well as inconsistent with the record. We discern no abuse of discretion in the district court's decision to deny Appellant's motion without having a hearing.

Affirmed.