Barry BROCK, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97–311.

Supreme Court of Wyoming.

May 19, 1999.

Tom Sutherland, Casper, Wyoming, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Mi-

chael Pauling, Senior Assistant Attorney General; and Hugh Kenny, Senior Assistant Attorney General, Cheyenne, Wyoming, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

Barry Brock (Brock) appeals from the denial of his motion to withdraw his pleas of guilty to one count of aggravated assault and battery, in violation of Wyo. Stat. Ann. § 6–2–502(a)(iii) (Michie 1997), and two counts of making threatening telephone calls, in violation of Wyo. Stat. Ann. § 6–6–103 (Michie 1997). The trial court denied Brock's motion without holding a hearing. We hold that in the absence of a hearing, the allegations in Brock's motion and his affidavit must be taken as true, and those allegations could constitute a fair and just reason for withdrawal of his pleas of guilty. Because the issue will be raised upon remand, we hold that Wyo. Stat. Ann. § 6–6–103 is constitutional. The Judgment and Sentence of the trial court is reversed, and the case is remanded to the trial court for the purpose either of holding a hearing on Brock's Motion to Withdraw Guilty Pleas or granting his motion.

In the Brief of Appellant, filed on behalf of Brock, the issues that are raised are:

I. Did the trial court err in concluding that Barry Brock's motion to withdraw his guilty pleas should be denied without a hearing when Mr. Brock's motion raised a plethora of intrinsic ineffectiveness claims and when witnesses were ready to testify?

II. Did the trial court err when it refused to rule on Mr. Brock's First Amendment issues?

III. Did the trial court err by refusing to consider Mr. Brock's request for probation?

This counter statement of the issues is found in the Brief of Appellee, filed by the State of Wyoming:

* Chief Justice at time of expedited conference; retired November 2, 1998.

I. Did the trial court abuse its discretion by denying the motion to withdraw plea given appellant's concession that his plea was entered in compliance with Rule 11, W.R.Cr.P. and his allegations of ineffective assistance of counsel were facially deficient?

II. Has appellant carried his burden of showing that Wyo. Stat. § 6–6–103 impacts speech protected by the First Amendment so substantially as to be facially unconstitutional?

III. Does the record adequately support the trial court's refusal to grant probation?

Early in December of 1996, Brock's girlfriend decided to end their relationship. Brock believed that he could cause his girlfriend to resume their relationship by threatening her and any of her friends who offered support. This bizarre approach did not result in the relationship being resumed, but instead Brock's girlfriend instituted the process for obtaining a restraining order, and following a death threat from Brock, she sought assistance from a married couple who had known Brock and his girlfriend for some time.

Brock then decided that his girlfriend must be involved in an affair with the husband of the married couple from whom the girlfriend had sought assistance. Around 8:00 p.m. on December 10, 1996, Brock telephoned his girlfriend, and, in the presence of a witness, made further threats against his girlfriend and the husband. He then called the home of the married couple, and learned from their son that the husband was at work. In the meantime, Brock's girlfriend had gone to the married couple's home to warn them. When the husband left work, Brock chased him in a car, trying to run him off the road. That was followed by a high-speed chase which terminated in a grocery store parking lot. The husband ran from his truck for assistance, with Brock chasing him with a baseball bat and screaming threats of death. The husband made his way into the grocery store, and Brock discontinued his pursuit as other people began to gather. Brock shouted additional threats, stepped out of the store, and broke the windshield of the husband's truck with the baseball bat.

The police were called, and they began an investigation, which included escorting the husband home. Within an hour, Brock telephoned the husband with more threats. In fear of their safety, Brock's girlfriend and the married couple left the married couple's home, and spent that night with friends. In their absence, Brock left two more threatening messages on the married couple's answering machine.

The next day, Brock called his girlfriend's supervisor at a Casper department store. He did not speak with the supervisor, but left a recorded message on her voice mail. That message asked the listener to visualize a schoolyard full of children, with a gunman across the street, making decisions as to who might live and die. In fear for their children, the supervisor and her husband called the police. The supervisor and the police officer immediately recognized Brock as the caller because of his previous calls. Based upon his recent violent behavior and information that Brock had been abusing controlled substances, law enforcement officers advised the Natrona County School District of the telephone message, and the schools were placed on a security alert, which disrupted the educational functions for several days.

Brock later was arrested, and charged with two counts of misdemeanor telephone calls, in violation of Wyo. Stat. Ann. § 6–6–103, and three felonies. The felony counts included aggravated assault, in violation of Wyo. Stat. Ann. § 6–2–502(a)(iii); terroristic threats, in violation of Wyo. Stat. Ann. § 6–2–505(a) (Michie 1997); and destruction of property of a value in excess of $500.00, in violation of Wyo. Stat. Ann. § 6–3–201(a) (Michie 1997). Counsel, who was appointed to represent Brock, pursued various pretrial motions and arranged for a mental evaluation. After that evaluation and other discovery had been completed, a plea agreement was negotiated on behalf of Brock. According to that agreement, in return for Brock's pleas of guilty to the aggravated assault charge and three misdemeanor counts of telephone harassment, the State would reduce the felony terroristic threats charge to

a misdemeanor charge; dismiss the felony property destruction charge; and would agree that the maximum sentence should be no more than eight years, with all sentences to be served concurrently. Brock agreed with these terms, and, on May 27, 1997, pleas of guilty were entered accordingly, although ultimately Brock was convicted of only two of the misdemeanor charges. Following a pre-sentence investigation on August 26, 1997, the trial court set sentencing for September 25, 1997.

A short while before his presentence investigation report was filed, Brock discharged his court-appointed attorney, and retained new counsel. On September 19, 1997, Brock moved to withdraw his pleas of guilty, and followed up his motion with a request for a hearing on the motion. On September 23, 1997, the trial court denied the motion to withdraw the guilty pleas, ruling that Brock's pleas were intelligently, knowingly, and voluntarily entered in full compliance with the requirements of W.R.Cr.P. 11, and that the motion did not articulate persuasive or cogent reasons to allow withdrawal. Sentencing went forward as scheduled, with the trial court agreeing to the provisions of the plea agreement. Even though that agreement had permitted a maximum eight year sentence, the trial court imposed a sentence of not less than two nor more than four years on the felony count, with all the misdemeanor sentences to be served concurrently with the felony sentence. Full credit against all the sentences was granted for Brock's pretrial incarceration. Brock has appealed from his judgment and sentence, asserting as error the denial of his motion without holding a hearing.

■ A defendant does not enjoy an absolute right to withdraw a plea of guilty prior to sentencing. *Osborn v. State*, 672 P.2d 777, 788 (Wyo.1983) (*quoting Ecker v. State*, 545 P.2d 641, 642 (Wyo.1976)). If careful and complete compliance with W.R.Cr.P. 11 is demonstrated by the record, a trial court does not abuse its discretion in refusing to permit withdrawal of a plea of guilty. *Chorniak v. State*, 715 P.2d 1162, 1164 (Wyo. 1986). A district court may deny a motion to withdraw a plea without a hearing if the

defendant's allegations or reasons for withdrawal are contradicted by the record, are inherently unreliable, or are merely conclusions rather than statements of fact. *Coleman v. State*, 843 P.2d 558, 560 (Wyo.1992). If the defendant alleges facts which, if true, would entitle him to relief, however, the trial court is required to hold a hearing. *Id.* at 559–60. "It has been considered an abuse of discretion to not hold a hearing whereby a defendant may develop support of his reasons for wanting to change his guilty plea." *Osborn*, 672 P.2d at 788. Whether a trial court has abused its discretion now is tested under the standard settled upon in *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998) (*quoting Martin v. State*, 720 P.2d 894, 897 (Wyo. 1986)), which is:

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing to arbitrarily or capriciously. *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236 (1985)."

■ Withdrawal of a plea of guilty sought by a motion made prior to sentencing may be permitted by the trial court "upon a showing by the defendant of any fair and just reason." W.R.Cr.P. 32(d); *Osborn*, 672 P.2d at 788. If the defendant offers no plausible reason for withdrawal, the trial court has discretion to deny the motion without a hearing. *Osborn*, 672 P.2d at 788 (*quoting Ecker*, 545 P.2d at 642). Brock's motion asserted the ineffective assistance of his previous attorney. In *Dichard v. State*, 844 P.2d 484, 487 (Wyo.1992), we recognized that a claim of ineffective assistance of counsel, if substantiated, "would constitute a 'fair and just reason' to grant a presentence motion to withdraw a guilty plea * * *." [5]

■ The refusal in this case to grant a hearing or to permit Brock to withdraw his pleas of guilty pursuant to W.R.Cr.P. 32(d) amounted to an abuse of discretion, and that decision must be reversed. We analogize to a motion to dismiss for failure to state a claim under W.R.C.P. 12(b)(6) in a civil case. In the civil case, the "court accepts all facts stated in the complaint as being true and

views them in the light most favorable to the plaintiff." *Gillis v. F & A Enterprises,* 934 P.2d 1253, 1254–55 (Wyo.1997). We are satisfied that when a trial court does not hold an evidentiary hearing in a criminal case, the allegations made in the motion of the defendant to withdraw the plea of guilty should be accepted as true.

■■■ This issue is one of first impression in Wyoming, but our approach to such an instance is to look to federal case law for guidance in the interpretation of our rule of criminal procedure where the state and federal rules of criminal procedure are similar. *Schmidt . v. State,* 668 P.2d 656, 660 (Wyo. 1983); *Hicklin v. State,* 535 P.2d 743, 748 (Wyo.1975). In *United States v. Mosquera,* 845 F.2d 1122, 1123–24 (1st Cir.1988), the defendant filed a motion for post-conviction relief which was denied by the court without a hearing. The United States Court of Appeals for the First Circuit ruled that "allegations must be accepted as true except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* at 1124. That court concluded that Mosquera's . allegations were not bound to be "inherently incredible or * * * unduly conclusory," and held that it must "conclude that the order denying [Mosquera's] motion for appropriate relief must be vacated and the case remanded for further proceedings." *Id.* at 1124, 1125. In a similar ruling, the United States Court of Appeals for the Seventh Circuit recognized that the denial by a district court of a defendant's motion to dismiss without an evidentiary hearing required the court "to assume as true the factual allegations made in [the defendant's] motion and his accompanying memorandum in support thereof." *United States v. Deleon,* 710 F.2d 1218, 1220 (7th Cir.1983). Brock's motion to withdraw his pleas of guilty is not a post-conviction motion, but logic demands that the claim of ineffective assistance be treated the same procedurally. The post-conviction proceeding demands that the person seeking relief present a substantial claim with specificity before he is entitled to receive an evidentiary hearing. *Alberts v. State,* 745 P.2d 898, 901 (Wyo. 1987); *Pote v. State,* 733 P.2d 1018, 1021 (Wyo.1987). The burden is upon the petitioner in seeking post-conviction relief to show that he has been denied a constitutional safeguard. *Alberts,* 745 P.2d at 901. If a defendant claims ineffective assistance of counsel in a post-conviction proceeding, we require the trial court to hold an evidentiary hearing. *Calene v. State,* 846 P.2d 679, 683 (Wyo.1993); *Smizer v. State,* 835 P.2d 334, 337 (Wyo.1992).

■■■ We first espoused the test for ineffectiveness of counsel articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in *State ex rel. Hopkinson v. District Court, Teton County,* 696 P.2d 54, 66–67 (Wyo.), *cert. denied,* 474 U.S. 865, 106 S.Ct. 187, 88 L.Ed.2d 155 (1985). We have followed that two-prong test continuously, requiring that the defendant first must show that the performance of counsel was deficient, i.e., counsel made errors so serious that counsel was not functioning in accordance with the constitutional guarantees; and second, that there was prejudice. *Mapp v. State,* 953 P.2d 140, 143 (Wyo.1998) (*quoting Strickland,* 466 U.S. at 687, 104 S.Ct. 2052). In his motion to withdraw his pleas, supported by his affidavit, Brock alleged significant failures on the part of his counsel to furnish him advice; to file motions attacking the evidence; the waiver of a preliminary examination for the convenience of counsel; the failure to properly advise Brock about his plea bargain; and the failure to tell Brock of the inability of the prosecutor to subpoena material witnesses. In such an instance, the defendant is not required · to demonstrate a probability that the result of the trial would be different, but instead must only demonstrate that there is a reasonable probability that he would not have entered the plea except for the presence of the errors made by counsel. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (*quoting Strickland,* 466 U.S. at 694, 104 S.Ct. 2052).

Applying by analogy the reasoning of *Mosquera* and *Deleon,* the factual assertions made by Brock must be accepted as true. If those claims of ineffectiveness are taken as true, the claim of ineffective assistance of counsel does constitute a fair and just reason

to grant the motion to withdraw. *Dichard,* 844 P.2d at 487. We hold that the trial court abused its discretion in refusing to conduct a hearing on Brock's motion, or in the alternative, granting the motion.

 Because the issue undoubtedly will arise on remand, we address Brock's claim that Wyo. Stat. Ann. § 6–6–103 is unconstitutional. In *Luplow v. State,* 897 P.2d 463, 466 (Wyo.1995), we said:

We begin our analysis of the constitutionality of the stalking statute by recalling the jurisprudential rule that "every law must be presumed to be constitutional, with all doubt resolved in its favor." *Keser v. State,* 706 P.2d 263, 266 (Wyo.1985) (*quoting Sanchez v. State,* 567 P.2d 270, 274 (Wyo.1977)). More recent cases follow this rule. *Wyoming Coalition v. Wyoming Game and Fish Comm'n,* 875 P.2d 729 (Wyo.1994); *Johnson v. State Hearing Examiner's Office,* 838 P.2d 158 (Wyo. 1992); *Righter v. State,* 752 P.2d 416 (Wyo. 1988). The burden then assigned to one who challenges a statute for facial unconstitutionality asserting vagueness is to demonstrate that (1) the statute reaches a substantial amount of constitutionally protected conduct; or (2) the statute specifies no standard of conduct at all. *McCone v. State,* 866 P.2d 740, 745 (Wyo.1993); *Ochoa v. State,* 848 P.2d 1359, 1363 (Wyo. 1993); *Griego v. State,* 761 P.2d 973, 975 (Wyo.1988). We have said the ultimate test under a vagueness challenge is whether a person of ordinary intelligence could read the statute and comprehend what conduct is prohibited. *Sanchez.*

We have identified the elements of the offense proscribed in Wyo. Stat. Ann. § 6–6–103(b)(ii) as follows:

Wyoming Statute 6–6–103(b)(ii) requires (1) an actor, (2) who telephones another, and (3) threatens to inflict injury or physical harm to the person or property of another.

*McCone v. State,* 866 P.2d 740, 750 (Wyo. 1993). These elements are straightforward and incorporate an adequate standard of conduct so that a person of ordinary intelligence readily could read this statute and comprehend the conduct that is prohibited.

 The other concern with respect to a facial challenge is whether the statute reaches a substantial amount of constitutionally protected conduct; in other words, the reach of the statute is overly broad. We are satisfied that under the criteria articulated in *Luplow,* 897 P.2d 463; *McCone,* 866 P.2d 740; and *Ochoa v. State,* 848 P.2d 1359 (Wyo. 1993), Wyo. Stat. Ann. § 6–6–103(b)(ii) is not overly broad. In our judgment, this statute does not bring within its ambit activities that constitute an exercise of protected expressive or associational rights.

We conclude that Wyo. Stat. Ann. § 6–6–103 is constitutional based upon our application of the void for vagueness or over breadth doctrine in our earlier cases. Our determination is supported by persuasive federal and state authority in which the courts have addressed the constitutionality of similar statutes. *Shackelford v. Shirley,* 948 F.2d 935 (5th Cir.1991); *Gormley v. Director, Connecticut State Dept. of Probation,* 632 F.2d 938 (2nd Cir.), *cert. denied,* 449 U.S. 1023, 101 S.Ct. 591, 66 L.Ed.2d 485 (1980); *United States v. Lampley,* 573 F.2d 783 (3rd Cir.1978); *State v. Hagen,* 27 Ariz.App. 722, 558 P.2d 750 (1976); *Constantino v. State,* 243 Ga. 595, 255 S.E.2d 710, *cert. denied,* 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979); and *State v. Jaeger,* 249 N.W.2d 688 (Iowa 1977). *See State v. Thompson,* 237 Kan. 562, 701 P.2d 694 (1985).

While Brock's constitutional challenge cannot be supported, it is clear that in his motion and supporting affidavit, he articulated claims that would constitute a fair and just reason to grant a presentence motion to withdraw his guilty plea. Because no hearing was held, the trial court must assume the truth of those facts as alleged. Consequently, the case is reversed and remanded for the trial court to either grant Brock's motion to withdraw his pleas of guilty, or in the alternative, to conduct a hearing to determine the actual validity of the facts alleged in the motion and supporting affidavit.