**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael D. STORK, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1999.

Filed Aug. 23, 1999.

Anser Ahmad, Harrisburg, for appellant.

K. Kenneth Brown, II, Asst. Dist. Atty., Lancaster, for Commonwealth, appellee.

Before HUDOCK, STEVENS, JJ., and CIRILLO, President Judge Emeritus.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lancaster County, following the denial of Appellant's motion to withdraw his plea of *nolo contendere* to the charge of Insurance Fraud. After a review of the record and the briefs of the parties, we affirm.

¶ 2 Herein, Appellant raises two issues for our review. First, Appellant contends the trial court abused its discretion in denying his motion to withdraw his plea of *nolo contendere*, where Appellant alleges he entered the plea because of fear and misrepresentation. Second, Appellant asserts the trial court erred in failing to hold a hearing on his motion to withdraw his plea of no contest, where the facts in support of his motion were not part of the record at the time of the plea.

¶ 3 The facts and procedural history of this case are as follows: Appellant pled *nolo contendere* to the offense of Insurance Fraud on September 15, 1998. As a result of the plea, Appellant was ordered to pay costs and restitution to Erie Insurance Company, not to exceed twenty five thousand nine hundred and fifty dollars ($25,950.00). Furthermore, Appellant was sentenced to time-served to twenty-three (23) months' incarceration, followed by a consecutive term of four (4) years' proba-

tion.[1] Ten days after the negotiated plea agreement, Appellant, now represented by new counsel, filed a Motion for Leave to Withdraw The Plea of No Contest.[2] The motion was denied on October 4, 1998, and this timely appeal followed.

¶ 4 At the outset, we note that a plea of *nolo contendere* is treated the same as a guilty plea. *Commonwealth v. Boatwright*, 404 Pa.Super. 75, 590 A.2d 15, 19 (1991). Further, Appellant's challenge to the *nolo contendere* plea was made after sentencing, and the standard for withdrawing a plea is manifest injustice. *Jackson,supra*. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. *Commonwealth v. Kephart*, 406 Pa.Super. 321, 594 A.2d 358 (1991). Therefore, Appellant's claims will be reviewed under the manifest injustice standard.

¶ 5 Appellant's first claim is that the trial court abused its discretion in denying his motion to withdraw his plea of *nolo contendere*. Appellant asserts he entered the plea out of fear and uncertainty of the consequences, and alleges counsel misrepresented him.

¶ 6 "[O]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Myers*, 434 Pa.Super. 221, 642 A.2d 1103, 1105 (1994) (quotation and citations omitted). "Therefore, '[w]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.'" *Id.* (quotations omitted). A defendant is bound by the statements he makes during his plea

---

**1.** As a result of the plea agreement, the Commonwealth agreed to *nolle pros* the charges of Removal of Identification Numbers, 18 Pa. C.S. § 7102, and Dealing in Vehicles with False Identification Numbers, 18 Pa.C.S. § 7103.

**2.** Denial of a motion to withdraw a guilty plea post-sentence is appealable. *Commonwealth v. Jackson*, 390 Pa.Super. 639, 569 A.2d 964 (1990).

colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled. *Commonwealth v. Lewis*, 708 A.2d 497 (Pa.Super.1998).

¶ 7   Here, a review of the record demonstrates Appellant participated in a complete and thorough written colloquy, which was followed by an oral colloquy. During the oral colloquy, the court went over each individual question and response given by Appellant. Moreover, Appellant appeared to be active and attentive by asking questions and orally agreeing to the stipulations set by the court. As in *Lewis*, Appellant was specifically asked if he was satisfied with his counsel and if his plea was entered into voluntarily; Appellant responded in the affirmative. *See Lewis*, *supra*. Our Court, when dealing with similar claims, has relied upon Appellant's conduct during the plea colloquy to affirm the denial of a petition to withdraw a plea. *Commonwealth v. Cortino*, 387 Pa.Super. 210, 563 A.2d 1259 (1989). In the current case, Appellant benefited from the negotiated guilty plea by receiving a sentence of time served to twenty-three (23) months incarceration, followed by four (4) years probation, as compared to a potential three (3) to six (6) years in prison if convicted of Insurance Fraud. The desire of an accused to benefit from a plea bargain is a "strong indicator" of the voluntariness of the plea. *Myers, supra*.

¶ 8   We agree with the trial court that Appellant has failed to establish his burden and prove manifest injustice. Appellant voluntarily agreed to plead guilty, negotiated a favorable plea bargain, and completed both a written and oral guilty plea colloquy indicating he was aware of the consequences of the plea and that counsel had not misled him. For the aforementioned reasons, Appellant should not be allowed to withdraw his plea.

¶ 9   Appellant next asserts the trial court erred by not holding a hearing on his motion to withdraw his plea of *nolo contendere*. Pennsylvania Rule of Criminal Procedure 1410 does not require a hearing to be held to deal with a motion to withdraw a plea of guilty; rather, it merely states the trial court may schedule a hearing on the motion. *Commonwealth v. Savilla*, 338 Pa.Super. 292, 487 A.2d 971 (1985). Therefore, the decision whether to hold a hearing is left to the discretion of the trial court. *See* Pa.R.Crim.P. 1410(B)(2)(b). "It is true that in 'borderline cases' a hearing should be granted. . . . However, this should not lead to the grant of a hearing every time a claim is made that a guilty plea was improperly induced." *Commonwealth v. Cappelli*, 340 Pa.Super. 9, 489 A.2d 813, 819 (1985) (*en banc*).

¶ 10   In the case *sub judice*, Appellant's reliance upon a footnote in *Commonwealth v. Savilla*, 338 Pa.Super. 292, 487 A.2d 971 (1985), is misplaced,[3] as Appellant does not allege facts, not of record, which prove manifest injustice. Rather, Appellant is claiming facts that directly contradict his own assertions contained in the plea colloquy. This Court in *Cappelli* has held that a hearing is not necessary where Appellant's motion is supported solely by facts that are in direct variance with his unequivocal record responses at the time of the plea. *Cappelli*, supra. In short, we will not allow evidence to be heard to contradict the terms of the record, where the trial court's strict adherence to the detailed procedures of the plea colloquy ensured that Appellant was fully informed of the nature and results of his plea. *Cappelli, supra*. Accordingly, we find no merit to Appellant's contention that the trial court erred in failing to hold a hearing on his motion to withdraw the plea *of nolo contendere*.

¶ 11   It is clear given the record and the foregoing, Appellant's plea of *nolo contendere* was knowing and voluntary and

---

3.  The trial court would have abused its discretion if it refused to hold a hearing where the motion alleged factual matters not of record

which, if proven, would entitle defendant to relief. *Savilla, supra*. *See Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982).

the trial court was within its discretion when it denied Appellant's motion without a hearing. Therefore, we affirm the judgment of the trial court.

¶ 12  Affirmed.