J-S55031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW WARE | |
| Appellant | No. 30 EDA 2014 |

Appeal from the Judgment of Sentence November 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013506-2012

BEFORE: BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED FEBRUARY 24, 2015**

Andrew Ware appeals from the judgment of sentence imposed on November 13, 2013, in the Court of Common Pleas of Philadelphia. Ware entered a negotiated guilty plea to murder in the third degree, possession of an instrument of crime, violations of the Uniform Firearms Act, and two counts of recklessly endangering another person,[1] in exchange for an aggregate sentence of 30 to 60 years' imprisonment. On November 13, 2013, after accepting Ware's guilty plea, the trial court sentenced Ware in accordance with the plea agreement. Thereafter, on November 24, 2013, Ware filed a timely post-sentence motion to withdraw his guilty plea. On November 27, 2013, the trial court denied the motion without a hearing.

_____

[1] **See** 18 Pa.C.S. §§ 2502(c), 907, 6106 and 6108, and 2705, respectively.

Ware filed this timely appeal, contending that he is "entitled to remand for an evidentiary hearing on his motion to withdraw guilty plea[.]"[2] Ware's Brief at 3. Based upon the following, we affirm.

Ware was charged with shooting the victim, 20 year old Hassan Dingle, on January 10, 2013. Numerous people witnessed the murder. *See* N.T., 11/13/2013, at 22–26. On November 12, 2013, Ware appeared for trial. At the conclusion of the first day of jury selection, an offer was made to Ware. The following day, after discussing the offer with his family and trial counsel, Ware decided to change his plea to guilty. *Id.* at 4–5.

Ware executed a written guilty plea colloquy in which he admitted to the above-mentioned offenses. *See* Written Guilty Plea, 11/13/2013, at 1 of 4 ("THE CHARGES"). Ware also agreed in the colloquy: "The facts of the case have been read to me. The crimes and elements of the crime(s) have been explained to me. I committed the crime(s), and that is why I am pleading guilty." *Id.* at 3 of 4, ("FACTS OF MY CASE AND ELEMENTS OF CRIME(S)"). Lastly, Ware agreed: "I cannot come back to court later and say that I was not guilty. Once I plead guilty, I can no longer complain that I was innocent and did not commit the crime." *Id.* ("GIVING UP DEFENSES").

After signing the colloquy form, Ware appeared before the trial court. Ware stated under oath that (1) he had spoken to his attorney and his

---

[2] Ware timely complied with the order of the trial court to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

family concerning the plea offer, (2) he understood the rights and defenses he was giving up by entering a guilty plea, (3) he was satisfied with his attorney, (4) he had no questions that he wanted to ask his attorney in private, (5) no one had forced or threatened him in any way to plead guilty, and (6) the medication he was taking did not affect his ability to understand what he was doing. *Id.* at 5–15. Ware listened to the Commonwealth's recitation of the elements and facts alleged against him and then entered guilty pleas to the aforementioned offenses. *Id.* at 16–27. The court determined that Ware understood what he was doing and that he had not been forced or threatened to get him to enter the guilty plea, and accepted his plea. *Id.* at 27–28. The court then immediately proceeded to the sentencing hearing, at the conclusion of which the court imposed the negotiated 30-to-60 year sentence. *Id*. at 48-49. *See also id*. at 29.

Following the guilty plea/sentencing hearing, Ware timely moved to withdraw his guilty plea. His motion stated that "he did not knowingly, voluntarily or intelligently enter the said guilty plea," and that "he is actually innocent of any and all charges." Ware's Motion To Withdraw Guilty Plea, 11/24/2013, ¶¶ 3-4. The trial court denied this motion without a hearing. In this appeal, Ware's only claim is that the trial court erred in failing to conduct a hearing.

When considering the propriety of a trial court's denial of a motion to withdraw a guilty plea, we are bound by the determination of that court

- 3 -

unless we find that it committed an abuse of discretion. ***Commonwealth v. Mobley***, 581 A.2d 949, 952 (Pa. Super. 1990) (citation omitted).

The Pennsylvania Rules of Criminal Procedure do not require a trial court hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea. ***See*** Pa.R.Crim.P. 720(B)(2)(b) ("The judge shall also determine whether a hearing or argument on the motion is required, and if so, shall schedule a date or dates certain for one or both."). Rather, the decision whether to hold a hearing on a motion to withdraw guilty plea is left to the discretion of the trial court. ***See Commonwealth v. Stork***, 737 A.2d 789, 791 (Pa. Super. 1999) ("[A] hearing is not necessary where Appellant's motion is supported by facts that are in direct variance with his unequivocal record responses at the time of plea.").

In ***Commonwealth v. Cappelli***, 489 A.2d 813 (Pa. Super. 1985) (*en banc*), the appellant tendered a negotiated guilty plea and then filed a post-sentence motion to withdraw his guilty plea, asserting he "was mis-led by Counsel as to what the severity of the sentence would be" and that his plea was involuntary due to his "age, intelligence and standing." ***Id.*** at 814. This Court held that the trial court did not err by declining to hold a hearing: "[R]equir[ing] the court to conduct a hearing based upon a simple repudiation of all that was said at the guilty plea proceeding ***after sentencing***, would depreciate the gravity which our procedures attach to guilty plea proceedings." ***Cappelli***, 489 A.2d at 818 (emphasis in original). The ***Cappelli*** Court also stated that it would be "an affront to the dignity of

the [trial] court and orderly procedures to direct a hearing" on the "naked allegation" in the defendant's motion. ***Id***. This Court observed that while a hearing might be necessary in "borderline" cases, the court should not grant a hearing "every time a claim is made that a guilty plea was improperly induced." ***Id***. at 819.

The present case is simply not a "borderline" case, given that Ware offered no facts in support of his contention in his motion that he did not enter his plea knowingly, voluntarily or intelligently. Furthermore, Ware made no suggestion as to his innocence at his combined guilty plea and sentencing hearing, and it was only after sentencing that he claimed that he was innocent. In effect, Ware claims that he lied to the trial court when he admitted guilt in his written and oral plea colloquies. By pleading guilty, however, Ware is bound by the statements he made in open court while under oath, and he may not later assert grounds for withdrawing the plea which contradict the statements he made during his plea colloquy. ***See Stork, supra***.

In sum, we find no abuse of discretion in the court's decision to deny Ware's post-sentence motion to withdraw his guilty plea without a hearing. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015