J-S36003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN EDWARD GALLO | |
| Appellant | No. 649 WDA 2014 |

Appeal from the Judgment of Sentence March 25, 2014
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002537-2012

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 17, 2015**

Appellant, John Edward Gallo, appeals from the judgment of sentence entered in the Court of Common Pleas of Washington County after he pled guilty to charges of kidnapping, aggravated assault, and terroristic threats. On appeal Gallo argues that the trial court erred in refusing to let him withdraw his guilty plea after sentencing. As we find no error in the trial court's reasoning, we affirm.

Gallo appeared before the trial court for the scheduled start of trial. Instead, Gallo and the Commonwealth reached a negotiated plea agreement, whereby Gallo would plead "no contest" to the charges against him and receive guideline range sentences for each charge. After reviewing the plea

_____

[*] Retired Senior Judge assigned to the Superior Court.

agreement, the trial court rejected it due to the fact that Gallo was not accepting responsibility for the crimes. When faced with the trial court's rejection of the plea agreement, Gallo relented and pled guilty to the charges. The trial court immediately sentenced Gallo to an aggregate term of imprisonment of 3 to 6 years, pursuant to the plea agreement.

Gallo subsequently filed a motion to withdraw his guilty plea, which the trial court denied. This timely appeal followed.

While Gallo purports to raise only a single issue on appeal, it is in fact a two-part argument. Gallo first contends that the trial court erred in refusing to allow him to withdraw his guilty plea after he was sentenced. In the alternative, Gallo argues that the trial court erred in failing to hold an evidentiary hearing on his post-sentence motion.

There remains no absolute right to withdraw a guilty plea once sentence has been imposed. The decision to allow a defendant to withdraw their plea post-sentence is a matter that rests within the sound discretion of the trial court. **See Commonwealth v. Muhammad**, 794 A.2d 378, 382 (Pa. Super. 2002). Furthermore, a request to withdraw a guilty plea made after sentencing is subject to a higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." **Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa. Super. 2002) (citation omitted). Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a

"manifest injustice." *Id*. (citation omitted). A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently. *See Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). Whether a defendant entered into the plea knowingly, voluntarily, and intelligently requires an analysis of the totality of the circumstances, but, at a minimum, the court must make the following inquiries:

(1)    Does the defendant understand the nature of the charges to which he is pleading guilty?

(2)    Is there a factual basis for the pleas?

(3)    Does the defendant understand that he has the right to trial by jury?

(4)    Does the defendant understand that he is presumed innocent until he is found guilty?

(5)    Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged? [and,]

(6)    Is the defendant aware that the sentencing judge is not bound by the terms of any plea agreement tendered, unless he accepts the agreement?

*Commonwealth v. Moser*, 921 A.2d 526, 529 (Pa. Super. 2007).

Moreover, once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. *See Stork*, 737 A.2d at 790. Consequently, defendants are bound by statements they make at their guilty plea colloquy and may not successfully assert any claims that contradict those statements. *See Muhammad*, 794 A.2d at 384. Therefore, when the record establishes a guilty plea colloquy was conducted during which the

defendant states he understands the nature of the charges against him, the voluntariness of the plea is established and the burden of proving involuntariness rests upon the defendant. **See Stork**, 737 A.2d at 790. Additionally, since the law does not require that a defendant be pleased with the outcome of his guilty plea, the defendant's mere disappointment in the sentence actually imposed does not represent a manifest injustice. **See Commonwealth v. Byrne**, 833 A.2d 729, 737 (Pa. Super. 2003).

A review of the certified record amply supports the trial court's conclusion that Gallo was not entitled to withdraw his guilty plea post-sentencing. In his motion, Gallo alleged two grounds for relief. First, that the victim had indirectly contacted him prior to the plea and applied "undue pressure" on Gallo to plead guilty. Second, Gallo asserted that he did not understand the elements of the charges and the facts supporting them.

Both of these allegations are directly contradicted by Gallo's statements under oath during the guilty plea colloquy. In his written guilty plea colloquy, Gallo was presented with questions asking whether he had consulted with his attorney on the elements of the crimes charged and the factual basis of each charge. Gallo answered "yes" to each. **See** Guilty Plea Colloquy, filed 3/26/14, at 2. Furthermore, the written colloquy contained questions assessing whether Gallo had been coerced into pleading guilty or if any undisclosed promises had been made. In each instance, Gallo answered "no." **See id**., at 7-8.

During the oral guilty plea colloquy, Gallo testified that he had filled out and signed the written guilty plea colloquy, and that after consulting with his attorney, he was pleading guilty knowingly, willingly, and voluntarily. *See* N.T., Guilty Plea Hearing, at 11-12. When the court asked if he had any further questions after consulting with his attorney, Gallo answered, "No, Your Honor." *Id*., at 13. Gallo also reiterated that he had received no undisclosed promises or threats in relation to his decision to plead guilty. *See id*., at 14.

As both grounds in Gallo's post-sentence motion are contradicted by his sworn statements before the trial court, neither ground could support a finding of manifest injustice, regardless of any evidence Gallo could present in support of these grounds. As a result, Gallo's issues on appeal merit no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2015