J-S10003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN PAUL ARNOLD, | |
| Appellant | No. 2257 EDA 2013 |

Appeal from the PCRA Order July 19, 2013
in the Court of Common Pleas of Montgomery County
Criminal Division at Nos.: CP-46-CR-0001729-2009
CP-46-CR-0004753-2009
CP-46-CR-0004754-2009
CP-46-CR-0008422-2008
CP-46-CR-0008423-2008

BEFORE: GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:            **FILED MARCH 03, 2015**

Appellant, Shawn Paul Arnold, appeals from the order of July 19, 2013, that denied, following a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Appellant claims he received ineffective assistance of plea counsel. For the reasons discussed below, we affirm the denial of the PCRA petition.

We take the underlying facts and procedural history in this matter from this Court's memorandum on direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

The background underlying this matter can be summarized in the following manner. Appellant entered an open plea of guilty to five armed robberies[, which occurred over the period of one month in three separate counties]. Appellant previously had been convicted of two robberies. For purposes of the mandatory minimum sentencing scheme found at 42 Pa.C.S.A. § 9714(a), the Commonwealth considered these previous convictions as Appellant's "first strike." As to Appellant's convictions stemming from his open guilty plea, the Commonwealth sought to have Appellant sentenced as a multiple "second strike" offender pursuant to 42 Pa.C.S.A. § 9714(a)(1). More specifically, the Commonwealth requested that the trial court sentence Appellant to at least three consecutive ten- to twenty-year terms of imprisonment. On December 2, 2009, the court sentenced Appellant in the following manner:

> . . . On 8422-08, Appellant was sentenced to a period of imprisonment of ten to twenty years. On 8423-08, Appellant was sentenced to a period of imprisonment of ten to twenty years to run consecutive to 8422-08. On 1729-09, Appellant was sentenced to a period of imprisonment of ten to twenty years to run concurrent with the sentence imposed at 8423-08. On 4753-09, Appellant was sentenced to a period of imprisonment of ten to twenty years to run concurrent with the sentenced imposed at 1729-09, and on 4754-09, Appellant was sentenced to a period of imprisonment of ten to twenty years to run concurrent with the sentence imposed at 4753-09. . . .

Trial Court Opinion, 11/18/10, at 1-2.

Appellant filed a petition for reconsideration of sentence, which the trial court denied. After the time to file a direct appeal had passed, Appellant filed a "Motion for Leave to File Notice of Appeal *Nunc Pro Tunc*." The trial court granted the motion, and Appellant filed a notice of appeal.

(*See Commonwealth v. Arnold*, 1676 EDA 2011, unpublished memorandum at 1-3 (Pa. Super. filed May 16, 2011) (quoting Trial Court Opinion, 11/18/10 at 1-2) (footnotes omitted)).

This Court affirmed the judgment of sentence on May 16, 2011. **See Arnold**, **supra** at 1. On December 29, 2011, the Pennsylvania Supreme Court denied leave to appeal.

On April 5, 2012, Appellant, acting *pro se*, filed the instant, timely PCRA petition. On April 18, 2012, the PCRA court appointed counsel, who filed an amended PCRA petition on June 15, 2012. A PCRA hearing took place on August 7 and 31, 2012. The PCRA court denied Appellant's PCRA petition on July 19, 2013. The instant, timely appeal followed. Appellant filed a timely concise statement of errors complained of on appeal on September 3, 2013. **See** Pa.R.A.P. 1925(b). On September 29, 2014, the trial court filed an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

> I. Whether the [PCRA] court erred in denying Appellant's claim that his plea was rendered unknowing, involuntary and unintelligent as a result of [plea] counsel's ineffectiveness in misadvising him that he was subject to a mandatory minimum sentence of twenty-five (25) years to life imprisonment as a "third strike" offender, where Appellant was only a "second strike" offender such that an automatic sentence of twenty-five (25) years to life was an unlawful sentence?

(Appellant's Brief, at 4) (capitalization omitted).

Our standard of review for an order denying PCRA relief is well settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011), *appeal denied*, 72 A.3d 600 (Pa. 2013) (citations and quotation marks omitted).

Appellant claims that he received ineffective assistance of plea counsel. (*See* Appellant's Brief, at 14-19). "A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*,

815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds,* **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **See Jones**, **supra** at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Rathfon**, **supra** at 370 (citation omitted). Appellant has utterly failed to do so.

Here, Appellant claims that plea counsel incorrectly informed him that he was eligible for the imposition of a "third strike" mandatory minimum sentence, and that he pleaded guilty only to avoid that sentence. (**See** Appellant's Brief, at 14). However, at the PCRA hearing, plea counsel testified, and the PCRA court credited his testimony, that Appellant wanted to plead guilty because he "was essentially caught and there was no way around it. . . . We essentially had no defense." (N.T. PCRA Hearing, 8/31/12, at 14; **see also** PCRA Court Opinion, 9/29/14, at 19). Counsel

explained that Appellant discarded a bag at the scene of one of the robberies that contained the sunglasses, mask, and fake gun used in the robberies, as well as a credit card receipt for the purchase of those items, bearing Appellant's name. (**See** N.T. PCRA Hearing, **supra** at 14). He further noted that Appellant gave a statement to the police admitting to his participation in all of the robberies. (**See id.** at 18). Further, the PCRA court did not credit Appellant's testimony that he believed that the third strike provision applied to his crimes. (**See** PCRA Ct. Op., 9/29/14, at 19). We accord great deference to a PCRA court's credibility findings. **Commonwealth v. Dennis**, 17 A.3d 297, 305 (Pa. 2011). Further, where, as here, the record supports them; such determinations are binding on a reviewing court. **See id.**

We have held that where the record clearly shows that the court conducted a thorough guilty plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. **See Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. **See id.** At a minimum, the trial court must inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3)     Does the defendant understand that he has a right to trial by jury?

(4)     Does the defendant understand that he is presumed innocent until he is found guilty?

(5)     Is the defendant aware of the permissible ranges of sentences and/or fines for the offense charged?

(6)     Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. *See id.*

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (*See* Written Guilty Plea, 9/08/09, at 8; N.T. Guilty Plea Hearing, 9/08/09, at 3-18). At the guilty plea hearing, Appellant testified that he had gone over the written plea colloquy with counsel, that if he was asked the questions contained in the written plea colloquy under his oath, his answers would be the same, and that he had initialed and signed the written plea colloquy. (*See* N.T. Guilty Plea Hearing, 9/08/09, at 12). In the written plea colloquy, Appellant agreed that he was guilty of the charged crimes; he understood the maximum sentence he could receive and

that the sentences could run consecutively; he was pleading guilty of his own free will; and he was satisfied with counsel's representation. (***See*** Written Guilty Plea, ***supra*** at 3, 4, and 6). Appellant did not make any complaints or voice any dissatisfaction with counsel's representation during the plea colloquy. (***See*** N.T. Guilty plea, ***supra*** at 3-18).[1]

The statements made during a plea colloquy bind a criminal defendant. ***See Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. ***See Commonwealth v. Stork***, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa.

_____

[1] We note that during the three-month interval between the guilty plea and sentencing Appellant did not seek to withdraw his guilty plea or make any complaints regarding counsel's stewardship. Further, Appellant did not make any complaints at sentencing. (***See*** N.T. Sentencing, 12/02/09, at 3-38). Moreover, as the PCRA court cogently discusses, during the post-sentence motion and direct appeal period, Appellant never claimed that his guilty plea was unknowing because he wrongly believed that he was subject to a third-strike sentence, but rather contended that the trial court abused its discretion in imposing a consecutive sentence. (***See*** PCRA Ct. Op., at 5-7). Appellant did not raise the issue of an involuntary guilty plea until he filed the instant PCRA petition almost three years after he pleaded guilty. (***See id.*** at 7).

1997) (citation omitted). Here, Appellant has not shown that his decision to enter the guilty plea was involuntary. He has therefore failed to prove prejudice. Thus, his claim of ineffective assistance of plea counsel lacks merit.

Accordingly, we affirm the denial of his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/3/2015</u>