J-S70025-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MUSTAFA T. MOODY, | : | |
| | : | |
| Appellant | : | No. 1534 EDA 2015 |

Appeal from the PCRA Order April 24, 2015,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0001920-2013

BEFORE:  DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED NOVEMBER 30, 2015**

Appellant, Mustafa T. Moody ("Moody"), appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA").  In his PCRA petition, Moody alleged that his guilty plea was involuntarily and unlawfully induced by the ineffective assistance of his plea counsel.  For the reasons that follow, we affirm the PCRA court's order.

In its written opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the PCRA court summarized the relevant procedural background of this case as follows:

> On February 12, 2013, [Moody] was arrested and charged with multiple counts of Delivery of a Controlled Substance (Heroin)[2], and Conspiracy to Deliver a Controlled Substance (Heroin)[3].  At the [p]reliminary [h]earing on March 14, 2013, [Moody] was given an offer by the Commonwealth.  The offer

*Retired Senior Judge assigned to the Superior Court.

promised the Commonwealth would extend a plea offer below any applicable mandatory minimum sentence in exchange for [Moody] waiving his [p]reliminary [h]earing, filing no omnibus pre-trial motions, and pleading [g]uilty. Both parties signed the agreement.

Prior to the [p]retrial [c]onference, the Commonwealth offered [Moody] a negotiated sentence of 3-6 years [of] incarceration. After receiving the offer from the Commonwealth, [Moody's] attorney, Trevan Borum, Esquire [("Attorney Borum")], filed a Motion to Enforce Guilty Plea Agreement. It was [Moody's] position that the [g]uilty [p]lea [o]ffer that was tendered failed to comport with their agreement. Specifically, the Commonwealth's offer of 3-6 years imprisonment violated the agreement[,] as [Moody] believed the offer was above the mandatory minimum. However, the Commonwealth reasoned that the five-year mandatory minimum sentence pursuant to [42] Pa.C.S. § 9712.1 applied because the BB rifle recovered at the [c]o-[d]efendant's house was a firearm for purposes of section 9712 and was found "in close proximity to the controlled substance." The Commonwealth maintained that their offer of 3-6 years [of] incarceration comported with the agreement because it was lower than the mandatory minimum sentence. A hearing on the Motion to Enforce the Negotiated Guilty Plea Agreement was held on July 22, 2013, and the Motion was denied.[1]

---

[1] At the PCRA hearing, Attorney Borum testified that at the argument on his motion to enforce the plea agreement, the trial court advised him that it would not "specifically enforce" the plea agreement, but would be willing to withdraw it (based upon a lack of a "meeting of the minds" on the length of the sentence). N.T., 4/24/2015, at 29-30. This left Moody with a choice between accepting the Commonwealth's plea offer or proceeding with the previously scheduled preliminary hearing and defending himself against all charges. Attorney Borum indicated that he and Moody discussed this decision at length, during which he advised Moody that his chances of successfully litigating the probable cause issues were not good (because it would be his word against the testimony of the police), and thus the safer

On August 5, 2013, a [p]lea [h]earing was held and [Moody] entered into a [n]egotiated [g]uilty [p]lea to the charges of Possession with Intent to Deliver, and to Conspiracy to Deliver. On the same date, [Moody] was sentenced as follows: (1) Count 1— Possession with Intent to Deliver (Heroin) – 36-72 months SCI, no RRRI eligibility, no boot camp eligibility, credit-time for the period from 2/13/13 to 8/5/13, and payment of court costs; (2) Count 2 – Delivery of a Controlled Substance (Heroin) – 1 year State Probation consecutive to Count 1; (3) Count 3 – Delivery of a Controlled Substance (Heroin) – 1 year State Probation consecutive to Count 2; (4) Delivery of a Controlled Substance (Heroin) – 1 year State Probation consecutive to Count 3; (5) Count 5 – Delivery of a Controlled Substance (Heroin) – 1 year State Probation consecutive to Count 4; (6) Count 21 – Conspiracy to Delivery of a Controlled Substance (Heroin) -- 1 year State Probation consecutive to Count 5. (N.T. 8/5/13 pp. 26-27).

[Moody] filed a timely, pro se, [PCRA] Petition on July 18, 2014. [Moody's] appointed counsel Scott Galloway, Esquire, filed an Amended [PCRA] Petition on February 9, 2015. A [PCRA] [h]earing was held on April 24, 2015, and the request for [PCRA] [r]elief was denied. On April 27, 2015, the Court entered an Order denying [Moody's] request for [PCRA] [r]elief. On May 20, 2015, [Moody] filed a timely [n]otice of [a]ppeal to the Pennsylvania Superior Court appealing the Order Denying [Moody's] [PCRA] Petition.

---

[2] [35] P.S. § 780-113(30)
[3] 18 Pa.C.S.A. § 903(c)

Trial Court Opinion, 7/7/2015, at 2-4.

---

course was to "minimize your exposure" and take the plea offer of 3-6 years of imprisonment. *Id.* at 29-32.

On appeal, Moody raises a single question for our review and consideration, namely whether the PCRA court erred in denying his PCRA petition alleging that ineffective assistance of counsel resulted in a guilty plea that was not knowing, voluntary and intelligent. Moody's Brief at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by evidence of record and free of legal error. **Commonwealth v. Turetsky**, 925 A.2d 876, 880 (Pa. Super. 2007). This Court accords great deference to the findings of the PCRA court if the record contains any support for those findings. **Id.** Further, the PCRA court's credibility determinations are binding on this Court if there is record support for its determinations. **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

In reviewing a claim of ineffective assistance of counsel, the petitioner must show, by a preponderance of the evidence, that counsel's deficient performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Kimball**, 724 A.2d 326, 333 (Pa. 1999). To prevail, the petitioner must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate the client's interest; and (3) the client was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been

different.  ***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005), *appeal denied*, 877 A.2d 460 (Pa. 2005).  The petitioner bears the burden of proving all three prongs of the test.  ***Commonwealth v. Meadows***, 787 A.2d 312, 319–20 (Pa. 2001); ***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005), *appeal denied*, 877 A.2d 460 (Pa. 2005).  Moreover, trial counsel is presumed to have been effective. ***Commonwealth v. Basemore***, 744 A.2d 717, 728 n. 10 (Pa. 2000).

With respect to a claim of ineffective assistance of counsel in connection with a guilty plea, this Court has explained the applicable law in this area as follows:

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial.  However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.  Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Willis***, 68 A.3d 997, 1001-02 (Pa. Super. 2013) (quoting ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012)).  "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty:  All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Anderson***, 995 A.2d at 1192.

In his counseled amended PCRA petition, Moody based his claim for relief on two grounds. First, Moody alleged that his counsel (Attorney Borum) failed to advise him that he was pleading guilty to conspiracy to deliver heroin, and that when he heard this for the first time during the plea hearing, it was too late for him to renege on the plea agreement. Amended PCRA Petition, 2/9/2015, ¶ 4-5. As such, Moody alleged that he was forced into pleading guilty to the conspiracy charge without the opportunity to discuss it first with counsel. *Id.* Second, Moody averred that the transcript of the plea hearing reflects that he did not even know the name of his alleged co-conspirator, demonstrating his surprise at the inclusion of the conspiracy charge in the plea agreement. *Id.*

The certified record on appeal does not support Moody's claims. Prior to the colloquy at the plea hearing, Moody signed a guilty plea statement, initialing each paragraph therein. Guilty Plea Statement, 8/5/2013. Paragraph 23 therein specifically provided that he was pleading guilty to five counts of delivery of a controlled substance **and one count of conspiracy to deliver a controlled substance**. *Id.* ¶ 23. At the PCRA evidentiary hearing, Moody admitted that Attorney Borum reviewed this guilty plea statement with him prior to its signing and initializing. N.T., 4/24/2015, at 53-54. Moreover, Moody acknowledged that in advance of the plea hearing,

Attorney Borum reviewed the plea colloquy with him.[2]  N.T., 4/24/2015, at 40.  During the plea colloquy, Moody agreed that he was entering into the plea agreement freely and voluntarily, that nobody had threatened or coerced him in any way, that there was a factual basis for the plea, and that this factual basis included him engaging in a conspiracy on specific dates. N.T., 8/5/2013, at 15-21; N.T. 4/24/2015, at 47-56.  During the colloquy, the trial judge described the crime of conspiracy to deliver, including both the need for an agreement and an overt act, and Moody testified that he understood.  N.T., 8/5/2013, at 12; N.T. 4/24/2015, at 51.

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.  **Commonwealth v. Pollard**, 832 A.2d 517, 524 (Pa. Super. 2003); **Commonwealth v. Cappelli**, 489 A.2d 813, 819 (Pa. Super. 1985).  A person who elects to plead guilty is bound by the statements he makes in open court while under oath.  **Commonwealth v. Stork**, 737 A.2d 789, 790–91 (Pa. Super. 1999).  A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. **Cappelli**, 489 A.2d at 819.

---

[2]  Moody testified that he could not remember whether Attorney Borum reviewed the conspiracy count with him.  N.T., 4/24/2015, at 41.

In addition to Moody's own testimony, at the PCRA evidentiary hearing Attorney Borum indicated that it is his practice to review the plea colloquy in detail with his clients:

> Q. When was it, if you remember, that you went over the guilty plea colloquy with Mr. Moody?
>
> A. It would have been before the plea. I don't have a specific recollection of doing it, but I know from the cases I've done out here in Delaware County, that you have to fill out that colloquy, initial it, and it's my practice in every single guilty plea that I do out there, to go over each and every question to make sure my client understands. After I'm done, I ask them, do you have any more questions and if he does have any question or he doesn't understand any questions, I make sure that I break it down and explain it in plain English, so my client gets it.

N.T., 4/24/2015, at 12-13. Attorney Borum also testified that in his view, Moody understood that he was pleading guilty to, inter alia, a conspiracy charge.

> Q. So is it your testimony, Mr. Borum, that prior to Mr. Moody entering his guilty plea … he understood he was pleading guilty to conspiracy and to whom he was pleading guilty to conspiracy with?
>
> A. I certainly believe that to be the case. Like I said, I can't – I've represented hundreds of clients since then, but I don't have the specific recollection of going over that form, but I just can't imagine I would be, you know, have him plead guilty to a charge that I didn't explain to him. I just – that just doesn't happen. That's not the way I practice.

*Id.* at 15.

In his counseled amended PCRA petition, Moody contended that "he did not even know the person Michelle Camgemi to which he supposedly conspired with." Amended PCRA Petition, 2/9/2015, ¶ 4. At the PCRA evidentiary hearing, Moody amended his position somewhat, stating that he knew "of" Ms. Camgemi, but did not know her personally. N.T., 4/24/2015, at 44. Moody nevertheless continues to insist that he did not conspire with Ms. Camgemi, and that his testimony to the contrary at the plea hearing, upon close inspection, reflects his surprise at the suggestion that he ever conspired with her. *Id.* at 45; Moody's Brief at 10. Specifically, Moody contends that he "did not know the name of the individual whom he supposedly conspired with and it is obvious that this criminal charge was not reviewed with him prior to the plea being entered." Moody's Brief at 10. A review of the transcript of the plea hearing, however, does not support this contention.

MR. DENUCCI:

> … Okay, Mr. Moody, I just need to ask you a couple of questions. You're entering a negotiated guilty plea to Count XXI which is conspiracy to delivery [sic] of a controlled substance. Is that correct?

MR. MOODY:

> Yes.

MR. DENUCCI:

> Okay. And the conspiracy with regard to Count XXI pertains to three specific dates. So I'm going to ask

you on each particular date I'd like you to tell me who the person was that you conspired with. So for instance, on January 28, 2013, who was the person that you conspired with at that time to deliver a controlled substance?

MR. MOODY:

Michele.

MR. DENUCCI:

What's the last name?

MR. MOODY:

I don't know.

MR. DENUCCI:

Well, step back.

MR. BORUM:

Sure – I mean – I'm sorry.

MR. DENUCCI:

You can ask him another question.

MR. BORUM:

Sure.

MR. DENUCCI:

Your Honor, I just need a second. I'm sorry. I wasn't expecting that. 7262 Bradford?

MR. BORUM:

Yes. His residence was 2224 South Park. Now her residence is 76 – 7262 Bradford Road.

MR. DENUCCI:

In Upper Darby?

MR. BORUM:

Correct.

MR. DENUCCI:

Mr. Moody, the Michele in question, if I told you her name – her last name was Camgemi, would you have reason to dispute that?

MR. MOODY:

No.

MR. DENUCCI:

No?  And are you familiar with [Ms.] Camgemi's address?

MR. MOODY:

Yeah.  Yes.

MR. DENUCCI:

The Miss Camgemi that you conspired with, if I suggested to you that that was – that her address was 7262 Bradford Road in Upper Darby, would that be the same Michele that you conspired with, Camgemi?

MR. MOODY:

Yes.

MR. DENUCCI:

> Okay. And those other dates – so it was a conspiracy with Michele Camgemi of 7262 Bradford Road in Upper Darby, PA, on the following dates: January 28, 2013, 1/31/13 and February 6, 2013. Is that correct?

MR. MOODY:

> Yes.

N.T., 8/5/2013, at 19-22.

The PCRA court concluded that it was "disingenuous to argue that [Moody] did not know his co-conspirator, simply because he did not know her last name." Trial Court Opinion, 7/7/2015, at 10. We agree. At most this excerpt from the transcript of the plea hearing reflects that Moody could not remember Ms. Camgemi's last name, but that his recollection was immediately refreshed upon being provided with her full name and address. It does not, by itself, demonstrate, by a preponderance of the evidence, that counsel failed to advise him in advance of the plea hearing that he would be pleading guilty to a count of conspiracy to deliver heroin (with Ms. Camgemi), or that his plea to that charge was unknowing, involuntary, or unintelligent.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015