J-S53037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MOSES C. HENRIQUES, | : | |
| | : | |
| Appellant | : | No. 739 MDA 2015 |

Appeal from the Order entered on April 20, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0004500-2009

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED NOVEMBER 13, 2015**

Moses C. Henriques ("Henriques") appeals from the Order denying his

first Petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant underlying procedural history as

follows:

> On July 11, 2009, the Commonwealth filed a [Criminal]
> Complaint against [Henriques], charging him with possession of
> cocaine with intent to deliver.  [Henriques was found in
> possession of approximately 125 grams of cocaine.]  On July 28,
> 2009, attorney Barry Goldman ("Goldman") was appointed to
> represent [Henriques].  A preliminary hearing was set to occur
> on October 1, 2009[;] however, [Henriques] chose to waive the
> preliminary hearing in order to explore the possibility of
> cooperating with law enforcement in exchange for reduced
> charges.  Goldman filed two continuances on [Henriques's]
> behalf, dated January 19, 2010[,] and April 13, 2010,
> respectively, pending the Commonwealth's decision with regard
> to [Henriques's] cooperation.  On September 30, 2010,
> [Henriques] requested a new attorney, raised a [Pennsylvania

Rule of Criminal Procedure] 600 issue, and signed a continuance form in order to allow him the opportunity to obtain new counsel. On that same date, Goldman was permitted to withdraw as counsel.

The [trial c]ourt appointed attorney Andrew Cooper ("Cooper") as [Henriques's] new counsel on October 22, 2010. On November 8, 2010, Cooper submitted a continuance form in order to more adequately prepare for trial, since the trial term was scheduled approximately two weeks after the matter had been assigned to him. Cooper filed a second continuance form on February 15, 2011[,] in order to allow [Henriques] the opportunity to continue cooperating with the [Drug Enforcement Agency]. Subsequently, during trial preparation in July 2011, Cooper discovered a conflict in his representation of [Henriques], and was permitted to withdraw as counsel.

[Henriques] was appointed his third and final counsel, attorney Janice Longer ("Longer")[,] in September 2011. Around that same time, [Henriques] had been released from prison and Longer was unable to locate him. Accordingly, Longer attended hearings on behalf of [Henriques] and submitted a total of three continuance forms, dated September 9, 2011, October 31, 2011, and December 22, 2011, respectively, in the hopes that she would be able to contact [Henriques] prior to the issuance of a bench warrant. When [Henriques] failed to appear for his trial on March 8, 2012, a bench warrant was issued[,] and he was arrested on May 2, 2012. Ultimately, [Henriques] pled guilty to the possession with intent to deliver charge on July 6, 2012[,] under negotiated terms.

PCRA Court Opinion, 4/20/15, at 1-2 (footnote omitted).

Following the entry of the plea, sentencing was deferred to allow Longer to determine whether there was a viable Rule 600 claim. Thereafter, Longer filed a Motion to Withdraw Henriques's guilty plea and a Motion to Withdraw as Counsel. The trial court granted the Motion to Withdraw Henriques's guilty plea but denied the Motion to Withdraw as Counsel. On December 14, 2012, a Rule 600 Motion was filed.

- 2 -

On January 8, 2013, the parties were prepared to argue the Rule 600 Motion, and thereafter proceed to trial. Following a discussion with Longer, Henriques decided to again plead guilty to the previously negotiated offer. Following oral and written colloquies, the trial court accepted the negotiated plea and sentenced Henriques to three and one-half to seven years in prison, with credit for time served. Henriques did not file a direct appeal.

On February 20, 2013, Henriques filed a *pro se* Motion, raising various claims. The PCRA court treated this Motion as Henriques's first PCRA Petition. The PCRA court appointed Henriques counsel, who filed an amended PCRA Petition. Following a hearing, the PCRA court denied Henriques's PCRA Petition. Henriques filed a timely Notice of Appeal.

On appeal, Henriques raises the following question for our review:

> Whether the [PCRA] court erred in denying [Henriques's] amended PCRA [Petition] when [Henriques] was entitled to the withdrawal of his guilty plea and the dismissal of the criminal charges since [all of his] previous counsel were ineffective by failing to preserve his rights to a speedy trial under Pa.R.Crim.P. 600?

Brief for Appellant at 4.

> [T]his Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013) (citation omitted).

- 3 -

Henriques contends that all of his prior counsel were ineffective for failing to guarantee his right to a speedy trial under Rule 600, causing the entry of an involuntary guilty plea. Brief for Appellant at 14, 16, 23. Henriques argues that his speedy trial rights were violated because the Commonwealth filed its Criminal Complaint on July 11, 2009, but the case was not resolved until January 8, 2013. *Id*. at 17; *see also id*. at 22 (wherein Henriques argues that due to some continuances, he should have been brought to trial by December 1, 2011). Henriques further argues that the PCRA court's finding that his trial commenced on July 6, 2012, the date of his initial guilty plea, was erroneous because the court told him that he could withdraw his plea at a later date. *Id*. at 23. Henriques claims that he only signed one continuance form, and that his prior counsel all signed the various continuances without discussing the matter with him. *Id*. at 18-20, 21-23. Henriques asserts that the actions of his prior counsel in delaying trial, because they believed it was in his best interest to cooperate with the police and ultimately plead guilty, demonstrated ineffectiveness. *Id*. at 17-20, 21, 23-24.

To succeed on an ineffectiveness claim, Henriques must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

- 4 -

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.
>
> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citations, brackets, and quotation marks omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.*; *see also* Pa.R.Crim.P. 590, cmt.

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, ... a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Bedell*, 954 A.2d at 1212-13 (citations and quotation marks omitted).

Here, prior to the entry of the plea, the trial court discussed with Henriques hisRule 600 Motion. N.T., 1/8/13, at 2-11. However, before the trial court ruled on the Motion, Henriques decided to forego his Motion and plead guilty. *Id*. at 11-13; *see also* Written Plea Colloquy, 1/8/13, at 1-7. During the plea colloquy, Henriques stated that he understood the English

language, and that while he was taking prescribed medication for depression, the medication did not affect his ability to understand the colloquy. ***See*** Written Plea Colloquy, 1/8/13, at 1. Henriques stated affirmatively that he understood the nature of charges to which he was pleading guilty; he committed the crime to which he was pleading guilty; he understood that he had an absolute right to trial by a jury; he understood that he is presumed innocent until proven guilty; he was informed of the maximum range of sentences and/or fines that could be imposed; and that the trial court is not bound by the terms of the plea agreement until the court accepts such plea agreement. ***See id***. at 1-4. Henriques also affirmed that by pleading guilty, he was giving up his right to file any pre-trial motions. ***See*** Written Plea Colloquy, 1/8/13, at 2; ***see also*** N.T., 1/8/13, at 10-11 (wherein Henriques acknowledged that he would waive his Rule 600 issue if he pled guilty); Written Plea Colloquy, 1/8/13, at 5-6 (wherein Henriques stated that by pleading guilty, his only appealable issues pertain to jurisdiction, the voluntariness of his plea, and sentencing claims). Henriques additionally indicated that no one had forced or threatened him to plead guilty, and that he willingly entered the plea. ***See*** Written Plea Colloquy, 1/8/13, at 5, 7; ***see also*** N.T., 1/8/13, at 12-13, 14-15 (wherein Henriques confirmed the statements he made in the written plea colloquy). Thereafter, the trial court accepted the plea bargain and imposed the agreed-upon sentence. N.T., 1/8/13, at 15-17.

Considering the totality of the circumstances, the record reflects that Henriques voluntarily, knowingly, and intelligently tendered his guilty plea. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.") (citation omitted). Indeed, Henriques explicitly understood that he was giving up his right to file any pre-trial motions by pleading guilty. *See* Written Plea Colloquy, 1/8/13, at 2; *see also* N.T., 1/8/13, at 10-11. Thus, Henriques tendered his guilty plea under his own volition, despite the Rule 600 issue,[1] and has not demonstrated prejudice amounting to manifest injustice to justify withdrawing his guilty plea. Based upon the foregoing, we conclude that Henriques's ineffectiveness claim is without arguable merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015

---

[1] In its Opinion, the trial court addressed Henriques's underlying Rule 600 claim and determined that it is without merit. *See* Trial Court Opinion, 4/20/15, at 3-5. Specifically, the trial court found that Henriques had requested numerous continuances that delayed the proceedings. *See id*.