J-S16017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOE ALEMAN | : | |
| | : | |
| Appellant | : | No. 1200 MDA 2017 |

Appeal from the PCRA Order July 5, 2017
In the Court of Common Pleas of Centre County Criminal Division
at Nos:  CP-14-CR-0002015-2008, CP-14-CR-0002166-2008,
CP-14-CR-0002167-2008

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 08, 2018**

Joe Aleman (Appellant) appeals *pro se* from the order denying his timely petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).  We affirm.

Appellant was charged with sexually abusing three juveniles, who ranged in age from 14 to 16 years old.  On December 21, 2009, Appellant entered negotiated guilty pleas to the following charges:  (1) at CP-14-CR-

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

0002015-2008, two counts of rape of a child;[2] (2) at CP-14-CR-0002166-2008, one count of incest;[3] and (3) at CP-14-CR-0002167-2008, five counts of indecent assault.[4]

On July 12, 2010, the trial court imposed an aggregate term of 30 to 60 years' imprisonment. It appears Appellant's sentences for his two counts of rape of a child, which were to run consecutively, were mandatory 10-year terms under 42 Pa.C.S.A. § 9718(a)(3).[5] *See* 42 Pa.C.S.A. § 9718(a)(3) (person convicted of rape of a child shall be sentenced to mandatory term of not less than 10 years). Appellant did not file a direct appeal.

On May 16, 2011, Appellant filed a timely *pro se* PCRA petition,[6] alleging

_____

[2] 18 Pa.C.S.A. § 3121(c).

[3] 18 Pa.C.S.A. § 4302.

[4] 18 Pa.C.S.A. § 3126(a)(8).

[5] While the written plea colloquy stated that the charges of rape of a child carried mandatory 10-year minimum sentence terms (with no statutory authority provided), there is no indication in the certified record that mandatory terms were in fact imposed. Nevertheless, in addressing Appellant's illegal sentence claim, the PCRA court, which also presided over the guilty plea and sentencing, did not dispute that Appellant received a mandatory 10-year minimum sentence for rape of a child.

[6] Appellant's judgment of sentence became final on August 11, 2010, when the 30-day period for taking an appeal concluded. *See* Pa.R.A.P. 903(a) (appeal shall be filed within 30 days of entry of order). He then had one year, until August 11, 2011, to file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (generally, any petition under the PCRA shall be filed within one year of the date the judgment becomes final). Appellant's petition filed May 16, 2011 was thus timely.

that his guilty plea was not knowingly entered because he was taking psychotropic medications. The PCRA court appointed Ronald S. McLaughlin, Esquire, to represent Appellant. In August 2013, Appellant filed two *pro se* motions, which the PCRA court denied because Appellant was represented by counsel. Appellant filed a *pro se* appeal, which this Court quashed as premature on November 4, 2013, because there was no final order granting or denying PCRA relief.[7] Subsequently, upon a second motion by Attorney McLaughlin to withdraw from representation, the PCRA court permitted him to withdraw.

On August 15, 2014, the court appointed Justin P. Miller, Esquire, to represent Appellant. On May 13, 2015, Appellant filed a *pro se* "Amended PCRA Petition and Memorandum," which reiterated that medication caused him to enter an unknowing or involuntary guilty plea, and further asserted, *inter alia*, that his plea counsel was ineffective for failing to investigate and present evidence of his mental health. On September 30, 2016, Appellant filed a third *pro se* PCRA petition, which averred, for the first time, that his 42 Pa.C.S.A. § 9718 mandatory minimum sentences for rape of a child were illegal under **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016). **See Wolfe**, 140 A.3d at 662 (pursuant to **Alleyne**, 42 Pa.C.S.A. § 9718 is

---

[7] **Commonwealth v. Aleman**, 1697 MDA 2013 (*per curiam* order) (Pa. Super. Nov. 4, 2013).

- 3 -

unconstitutional on its face, non-severable, and void).

In February 2017, Attorney Miller filed a petition to withdraw from representation. Attorney Miller concluded that Appellant was not entitled to any sentencing relief under *Alleyne* because *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), held that *Alleyne* did not apply retroactively and that an *Alleyne* claim could not be raised under the PCRA. Attorney Miller further concluded there was no merit to Appellant's claims of an insufficient guilty plea colloquy and ineffective assistance of plea counsel. Appellant filed a *pro se* response, claiming, for the first time, that his plea was defective because he was not informed of the elements of the charges. On April 3, 2017, the PCRA court granted Attorney Miller's petition to withdraw and issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response, reiterating his illegal sentence argument, and the Commonwealth filed a motion to dismiss the petition.

The PCRA court denied Appellant's PCRA petition on July 5, 2017, holding that pursuant to *Washington*, Appellant was precluded from PCRA relief under *Alleyne*. PCRA Court Opinion, 7/5/17, at 3-4. The court further held that Appellant's claims of a defective plea colloquy — due to medication and the alleged lack of explanation of the elements of the charges — were meritless.

Appellant took this timely *pro se* appeal and complied with the PCRA

court's order to file a statement of matters complained of on appeal. He presents the following issues for our review:

I. Did the Lower Court abuse its discretion by affirming [Appellant's] illegal and unconstitutional sentence, as [Appellant] challenged his sentence under the Sixth Amendment?

II. Was [Appellant's] Guilty Plea defective, as he could not voluntary, knowingly, and intelligently accept his guilty plea?

A. Did the Sentencing Court abuse its discretion by not disclosing the Elements of the Charges, as required by [**Henderson v. Morgan**, 426 U.S. 637 (1976),] and [**Commonwealth v. Ingram**, 316 A.2d 77 (Pa. 1974)]?

B. Was [Appellant] coherent enough to accept his Guilty Plea voluntary, knowingly, and intelligently, due to the Psychotropic medication [Appellant] was taking?

C. Could [Appellant] accept a Guilty Plea voluntary, knowingly, and intelligently, since the facts of the case [were] never explained to [Appellant] in a way that [Appellant] could understand?

Appellant's Brief at 4-5.

In his first issue, Appellant alleges that the PCRA court abused its discretion in denying relief on his illegal sentence claim. He maintains that **Washington** — which held that **Wolfe** did not apply retroactively — improperly "over[rode]" Section 9542 of the PCRA, which provides, "This subchapter provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." Appellant's Brief at 10, *quoting* 42 Pa.C.S.A. § 9542. Appellant further contends that any holding on retroactivity does not apply to him because his PCRA petition was timely filed, a fact the PCRA court "confirmed." Appellant's Brief at 11-12.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013).

In **Washington**, the defendant received mandatory minimum sentences under 42 Pa.C.S.A. § 9712(a) (visibly possessing a firearm or replica). **Washington**, 142 A.3d at 811. His judgment of sentence became final in 2006, and he filed a timely PCRA petition, which was denied. **Id.** at 812. While the defendant's appeal was pending, the United States Supreme Court issued **Alleyne** in 2013, which "held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." **Id.** at 812, **citing Alleyne**, 133 S.Ct. at 2163. The Pennsylvania Supreme Court, however, held that **Alleyne** did not apply retroactively to cases pending on collateral review, including the defendant's, and thus concluded that the defendant's 42 Pa.C.S.A. § 9712(a) mandatory minimum sentences were not illegal under **Alleyne**.[8] **Washington**, 142 A.2d at 820.

Furthermore, we note that since Appellant filed his notice of appeal, the

---

[8] The **Washington** Court applied the framework set forth in **Teague v. Lane**, 489 U.S. 288 (1989). **Washington**, 142 A.3d at 811, 813-14 ("Under **Teague**, a new constitutional rule of criminal procedure does not apply, as a general matter, to convictions that were final when the new rule was announced.").

Pennsylvania Supreme Court decided *Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018).[9]  In that case, the Court held that *Washington* does not bar a petitioner "serving an illegal sentence from relief when such relief is sought in a timely PCRA petition and the judgment of sentence was **not** final when *Alleyne* was announced." *Id.* at 191 (emphasis added).  In so holding, the Court specified that *Washington*'s holding was limited to cases in which a PCRA petitioner's judgment of sentence **was** final prior to June 17, 2013, the date *Alleyne* was decided.  *Id.* at 192.

In this case, as stated above, Appellant's judgment of sentence became final on August 11, 2010, prior to the date of the *Alleyne* decision, June 17, 2013.  We hold the PCRA court thus properly applied *Washington* to conclude that Appellant was not entitled to PCRA relief on any claim made pursuant to *Alleyne*.  *See DiMatteo*, 177 A.3d at 191-92; *Washington*, 142 A.2d at 820.

In his second issue, Appellant alleges that his guilty plea was defective due to various medications he was taking, which had adverse side effects, including dizziness, anxiety, fatigue, confusion, and loss of memory or concentration.  Appellant contends that once he informed the trial court that

_____

[9] Although *DiMatteo* was issued after the PCRA court's order denying relief, we may apply that opinion in this appeal.  *See Blackwell v. State Ethics Comm'n*, 589 A.2d 1094, 1099 (Pa. 1991) ("[T]he general rule followed in Pennsylvania is that we apply the law in effect at the time of the appellate decision").

- 7 -

he was taking medication, the court should have conducted a separate colloquy to determine whether he was competent to understand the proceedings. Appellant further asserts that his plea was defective because the trial court did not explain the facts of the case or all the elements of the charges in a manner he could understand. He also claims plea counsel "should be held . . . responsible for not explaining the elements to him nor having the Court . . . explain the elements." Appellant's Brief at 19.

Although Appellant's amended PCRA petitions averred plea counsel's ineffectiveness for failing to investigate or present evidence on his mental health, Appellant raises no such ineffectiveness claim on appeal. We hold that his discrete claim, that his mental state caused his plea to be defective, is not cognizable under the PCRA because it could have raised on direct appeal. *See* 42 Pa.C.S.A. § 9543(a)(3) (to be eligible for PCRA relief, petitioner must prove that the allegation of error as not been previously litigated or waived); *see also* 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

However, Appellant's additional claim — that plea counsel was ineffective for failing to advise him of the elements of the offenses charged against him — is cognizable under the PCRA. *See Barndt*, 74 A.3d at 191.

> [I]n order to obtain relief based on [an ineffectiveness] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered

prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Id.* at 192 (citations omitted). "A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Stork***, 737 A.2d 789, 790-91 (Pa. Super. 1999).

Here, the PCRA court opined:

[Appellant's] written guilty plea colloquy form [included] a section explaining that all crimes have elements and for the Commonwealth to prove an individual guilty, [it] would have to prove all elements of the crime. Handwritten under "elements of the crime" on this form are the words "see attached." Attached to the written guilty plea colloquy is the criminal information for each docket, listing the elements of each crime to which [Appellant] was pleading guilty. Where the written guilty plea colloquy asked if [Appellant] had any questions in regard to the elements of the crimes, [Appellant] wrote "no". The circumstances surrounding [Appellant's] plea indicate an understanding of the elements of the crimes to which [Appellant] pleaded guilty. Therefore, the Court finds no evidence [Appellant's] guilty plea was not entered knowingly, voluntarily, and intelligently.

PCRA Court Opinion, 7/5/17, at 4-5.

Appellant does not address, let alone dispute, the PCRA court's observations. Our review of the written plea colloquy confirms the PCRA court's observation that a copy of the information, listing all the charges and elements thereof, was attached. Additionally, the plea colloquy form stated

"Do you understand the elements of the charges?" and the answer "Yes" is handwritten. Appellant's Written Plea Colloquy, 12/21/09, at 1. Appellant is bound by this statement. *See Stork*, 737 A.2d at 790-91. Accordingly, Appellant's underlying issue — that the elements of the charges were not properly explained to him — lacks merit, and Appellant advances no argument under the other two prongs of an ineffectiveness claim. *See Barndt*, 74 A.3d at 192; Appellant's Brief at 19 (sole discussion of ineffectiveness claim is that his "attorney should be held reliable and responsible for not explaining the elements to him nor having the Court explain the elements of the charges against him in open court"). We thus affirm the denial of relief as to these claims.

For the foregoing reasons, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2018

- 10 -