J. A12034/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :       PENNSYLVANIA
                    v.         :
                               :
ALBERT DiPRIMEO,               :      No. 2565 EDA 2016
                               :
              Appellant        :

Appeal from the Judgment of Sentence, February 29, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013858-2014

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 05, 2018**

Albert DiPrimeo appeals from the February 29, 2016 aggregate judgment of sentence of 10 to 20 years' imprisonment imposed after he pled guilty to criminal attempt – rape, unlawful possession of a firearm, and possessing instruments of crime ("PIC").[1]  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On July 20, 2015, [appellant] entered a negotiated guilty plea to attempted rape, prohibited possession of a firearm, and [PIC].  In exchange for [appellant's] plea, the Commonwealth agreed to a ***nolle prosequi*** of the remaining charges and to recommend an aggregate sentence of ten to twenty years' incarceration.  The following were the facts recited by the attorney for the Commonwealth during [appellant's] guilty plea:

---

[1] 18 Pa.C.S.A. §§ 901(a), 3121(a)(2), 6105(a)(1), and 907(a), respectively.

If the Commonwealth had proceeded to trial, the Commonwealth would've shown that on Monday, June 30, 2014, around the 7900 block of Marsden Street, [appellant] attempted to engage in sexual intercourse by forcible compulsion; that force being holding a firearm to the complaining witness . . . by confining her to his home and stating, "C[***], you are not leaving here until I get into your p[****]," and throwing her onto his couch, removing her pants and underwear—all of this at the point of gun—and stating, "You're going to die," while pressing his exposed penis at her vagina.

[Appellant] is ineligible to possess a firearm by statute as a result of a prior conviction for possession with the intent to deliver, as well as he carries no license to carry that firearm.

Those are the allegations we would prove to meet these three charges. [The victim] was able to escape, Your Honor, so the rape was not completed.

[Notes of testimony,] 7/20/15 [at] 6-7.

Following a detailed written and verbal colloquy, this court accepted [appellant's] plea and found him guilty of the above charges. The court immediately imposed the negotiated sentences on the firearm and PIC convictions but deferred sentencing on the rape conviction until February 29, 2016, pending an evaluation by the Sexual Offenders Assessment Board. [Appellant] filed a motion for reconsideration of the negotiated sentence on March 9, 2016, which the court denied on March 30, 2016.

On May 4, 2016, [appellant] filed a counseled petition for post-conviction relief, [pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

> 9546,] requesting reinstatement of his direct appeal rights **nunc pro tunc**. The court granted the requested relief on August 8, 2016, and this appeal followed [on August 9, 2016.]

Trial court supplemental opinion, 8/3/17 at 1-2 (footnotes omitted).

On August 10, 2016, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on August 29, 2016. That same day, appellant filed a motion requesting an extension of time to file a supplemental Rule 1925(b) statement upon receipt of the notes of testimony. The trial court granted appellant's motion. On February 7, 2017, the trial court filed its Rule 1925(a) opinion concluding that appellant waived his claim that his guilty plea was not knowing, voluntary, and intelligent by failing to challenge it at the time of the colloquy or in a post-sentence motion. (**See** trial court opinion, 2/7/17 at 2-3.) On February 15, 2017, appellant filed a supplemental Rule 1925(b) statement. Thereafter, on August 3, 2017, the trial court filed a supplemental Rule 1925(a) opinion concluding, **inter alia**, that "[appellant's] supplemental allegations of error are nothing more than attempts to refashion his waived claim that his plea was not knowingly, voluntarily, and intelligently tendered." (Trial court supplemental opinion, 8/3/17 at 3 (internal quotation marks omitted).)

Appellant raises the following issue for our review:

> Should not this [c]ourt vacate appellant's judgment of sentence, notwithstanding appellant's failure to file a petition to withdraw his guilty plea, where ineffective

assistance of counsel[2] prevented appellant from filing such a petition and where appellant's guilty plea was unknowingly, involuntarily, and unintelligently entered?

Appellant's brief at 3.

Appellant's argument is two-fold. We begin by addressing appellant's claim that his guilty plea was not knowing, voluntary, and intelligent. Specifically, appellant avers that "[t]he record does not affirmatively demonstrate that [he] understood the nature of the charges or the factual basis for his plea" or that he was aware "of the terms of his sentence or the consequences of his plea." (*Id.* at 22, 26 (emphasis omitted).)

It is well settled that when a defendant enters a guilty plea, he waives the right to challenge on appeal "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa.Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). When a defendant seeks to withdraw a plea after sentencing, he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa.Super. 2011) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa.Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Moreover, "[a] defendant

---

[2] Appellant was represented during his guilty plea by Mythri Jayaraman, Esq. (hereinafter, "plea counsel").

wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Lincoln*, 72 A.3d at 609-610 (internal citations omitted).

Instantly, we agree with the trial court that appellant is not entitled to review of his claim because he failed to properly preserve it by either objecting during the plea colloquy or filing a post-sentence motion seeking to withdraw the plea on the basis it was involuntary, unknowing, or intelligently entered. *See* Pa.R.Crim.P. 720(B)(1)(a)(i). On the contrary, appellant's March 9, 2016 post-sentence motion merely requested that the trial court reconsider or modify its sentence. (*See* "Post-Sentencting [sic] Motion," 3/9/16 at ¶ 2.) Accordingly, we find that appellant's challenge to the validity of his negotiated guilty plea is waived.

We now turn to appellant's contention that plea counsel's purported ineffectiveness "prevented [him] from filing a timely petition to withdraw his guilty plea," and that this ineffectiveness constituted a "manifest injustice" that justified a withdrawal of said plea. (Appellant's brief at 31-35.) For the reasons that follow, we find that appellant is not entitled to review of this claim on direct appeal.

Generally, absent limited circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review[.]" *Commonwealth v. Reid*, 117 A.3d 777, 787 (Pa.Super. 2015) (citation omitted). In

***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013), our supreme court set forth two exceptions to this general rule: (1) where the trial court determines that the ineffectiveness claim is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for review and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." ***Id.*** at 577, 578.

Neither of these exceptions are applicable in the instant matter. First, the trial court did not find that appellant's ineffectiveness claim was either meritorious or readily apparent from the record. Moreover, there is no indication in the record that appellant made a knowing and intelligent waiver of his entitlement to seek PCRA review. Rather, the trial court concluded, ***inter alia***, that appellant's ineffectiveness claim was premature and should be addressed on collateral review. (***See*** trial court supplemental opinion, 8/3/17 at 6.) Accordingly, all allegations of ineffectiveness in connection with the entry of appellant's guilty plea must be deferred until collateral review.

Based on the foregoing, we find that appellant's claims are waived or are not cognizable on direct appeal and affirm the trial court's February 29, 2016 judgment of sentence.

J. A12034/18

Judgment of sentence affirmed.


Ott, J. joins this Memorandum.

Bowes, J. files a Concurring Memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/18</u>