J-S84025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JACOB MATTHEW CHRISTINE | : | |
| | : | |
| Appellant | : | No. 2283 EDA 2018 |

Appeal from the PCRA Order Entered July 5, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002002-2007

BEFORE: BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                                      **FILED MAY 07, 2019**

Jacob Matthew Christine appeals, *pro se*, from the order entered July 5, 2018, in the Lehigh County Court of Common Pleas, dismissing his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Christine seeks relief from the judgment of sentence of an aggregate term of 4½ to 9 years' imprisonment, to be followed by 5 years' probation, imposed on June 6, 2008, following his negotiated guilty plea to two counts of aggravated assault, one count of carrying a firearm without a license, and two counts of possession of a controlled substance with intent to deliver.[2] On appeal, he asserts the PCRA court erred in dismissing the petition

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2702(a)(4) and 6106, respectively, and 35 P.S. § 780-113(a)(30).

as untimely because he has newly discovered evidence.  For the reasons discussed below, we affirm.

The parties know the facts and procedural history underlying this appeal, so we need not recite them herein.  In summary, on February 22, 2007, Christine fired an automatic weapon at two individuals outside a motel in Allentown, Lehigh County, Pennsylvania.  Police apprehended Christine outside the motel and, pursuant to a valid search warrant, searched his room discovering an unlicensed automatic weapon, cash, bullets, cocaine, marijuana, and drug paraphernalia.

On November 2, 2007, Christine entered a *nolo contedere* plea to the aforementioned charges.  Prior to sentencing, however, Christine withdrew his plea.  Counsel petitioned to withdraw and the trial court subsequently appointed new counsel.

On June 6, 2008, Christine entered a negotiated guilty plea to the same charges and the trial court immediately sentenced him in accordance with the terms of the plea agreement.  Christine appealed and, on May 17, 2010, this Court affirmed the judgment of sentence.  ***Commonwealth v. Christine***, 4 A.3d 194 (Pa. Super. 2010) (unpublished memorandum).  On June 28, 2011, the Pennsylvania Supreme Court denied leave to appeal.  ***Commonwealth v. Christine***, 23 A.3d 1054 (Pa. 2011).

Christine, acting *pro se*, filed a timely PCRA petition on February 2, 2012, alleging ineffective assistance of pretrial and trial counsels.  The PCRA

- 2 -

court subsequently appointed counsel. Ultimately, after multiple amendments to the petition and three evidentiary hearings, the PCRA court denied the petition on December 2, 2015. This Court affirmed the dismissal of the PCRA petition on March 1, 2017. ***Commonwealth v. Christine***, 2017 WL 816521 (Pa. Super. Mar. 1, 2017) (unpublished memorandum). Christine did not seek leave to appeal to the Pennsylvania Supreme Court.

On May 30, 2018, Christine filed a second, *pro se* PCRA petition. On June 20, 2018, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Christine filed a response on July 2, 2018. On July 5, 2018, the PCRA court dismissed the petition as untimely filed. This timely appeal follows.[3]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined, *inter alia*, that Christine's petition was untimely. We agree. A petitioner must file a PCRA within one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

---

[3] The PCRA court did not order Christine to file a concise statement of errors complained of on appeal. On July 30, 2018, the court filed an order incorporating its earlier Rue 907 notice as its Pennsylvania Rule of Appellate Procedure 1925(a) opinion.

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).

Christine's judgment of sentence was final on October 26, 2011, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for writ of *certiorari* before the United States Supreme Court expired. **See** U.S.Sup.Ct. Rule 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until October 26, 2012, to file a timely PCRA petition. His second petition, filed May 30, 2018, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). Additionally, all of the time-bar exceptions are subject to a separate deadline.

Here, Christine attempts to invoke the previously unknown facts exception set forth in Subsection 9545(b)(1)(ii). Moreover, since Christine filed his petition after December 24, 2017, he had one year from the date he could have presented the claim to file his petition. 42 Pa.C.S.A. § 9545(b)(2),

This Court has previously explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have

changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.
>
> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015) (some citations and quotation marks omitted, emphases in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly, before we may consider whether Christine's substantive claim of after-discovered evidence merits relief, we must first determine whether he has established "there were facts unknown to him and that he exercised due diligence in discovering those facts." *Id.* at 176. Here, Christine has failed to do so.

In the instant matter, Christine argues that he meets the newly discovered facts exception because his family hired a private detective in 2017. He states that the detective located one of the victims of the crime, Cameron Fodero, who initially refused to speak with her, but eventually signed a certification, on May 10, 2018, stating he and the other victim attempted to

rob Christine who shot at them in self-defense.[4] PCRA Petition, 5/30/2018, at 4, Exhibits A and B.

The PCRA court, however, found Christine failed to establish that: (1) he had not previously known about the facts in the certification; and (2) he could not have ascertained the facts earlier "through reasonable diligence." PCRA Court Order, 6/20/2018, at 5. The court explained Christine was present at the scene of the crime, and, therefore, "if he believed he fired the gun in self-defense, then he presumably knew or should have known that the witness statement was untrue." *Id.* Furthermore, the court found Christine failed to establish why he could not have investigated his self-defense claim earlier if he had acted with due diligence. *See id.* at 5-6. In particular, the court noted the five-month delay between arraignment and Christine's initial entry of a *nolo contendere* plea, as well as the six-month delay between the time Christine withdrew his *nolo* plea and his subsequent guilty plea. *See id.* at 6. Furthermore, Christine did not allege he took any steps between the time his judgment of sentence became final and until his family hired a private detective in 2017, to investigate his claim of self-defense. *See* Christine's Brief, at 19-20. Finding no genuine issue of material fact, the PCRA court declined to hold an evidentiary hearing.

---

[4] We note, briefly, that Christine's "newly discovered fact" only applies to his conviction of aggravated assault; it does not affect his conviction of an unlicensed firearm or possession with intent to deliver.

Our review of the record, the parties' briefs, and the relevant statutory and case law, reveals no basis to disturb the PCRA court's ruling. Given that he argued in his first PCRA petition that plea counsel was ineffective for allowing him to plead guilty when he had a valid self-defense claim, Christine does not, and cannot deny he was aware of this argument before he entered his guilty plea. Rather, the crux of his complaint is that the only evidence supporting a self-defense claim at the time of his plea would have been his own, self-serving testimony, and, now, one of the victims has recanted. **See id.**

We find his argument misplaced. Even assuming, *arguendo,* that Fodero made a false statement in 2007, Christine still cannot establish he was unaware of the facts contained in the new certification until 2017. **See** N.T. Plea Colloquy, 6/06/2008, at 31-33 (discussing Christine's version of the incident). Furthermore, we agree with the PCRA court's finding that Christine failed to demonstrate he could not have previously located additional evidence supporting his claim of self-defense, if he had exercised reasonable diligence.

Most significantly, in the present case, Christine entered a guilty plea before trial. Our Court, while finding that Christine had waived any challenge to his guilty plea on appeal by failing to file a motion to withdraw it, also reviewed the merits of his claim and found his plea was voluntary. **Commonwealth v. Christine**, 2039 EDA 2008 (Pa. Super. Mar. 17, 2010) (unpublished memorandum, at 5-6 and n.7).

This Court has stated:

. . . [w]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

*Commonwealth v. Stork*, 737 A.2d 789, 790-791 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000) (citation omitted).

Here, Christine acknowledged at his plea colloquy that he understood the crime of aggravated assault and had committed it. N.T. Plea Colloquy, 6/06/2008, at 10, 40. He stated he understood that by pleading guilty he was forfeiting the right to raise any defense to his crime. *Id.* at 17-19. Thus, if he had indeed committed the crime in self-defense, Christine was aware of that fact at the time he entered the plea. He is entitled to no relief now.

Accordingly, because we agree with the ruling to the PCRA court that Christine did not timely file his PCRA petition and he failed to establish the applicability of any of the time-for-filing exceptions, we affirm the order dismissing his petition without first conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/19